(119 App. Div. 136)

### POOLE v. AMERICAN LINSEED CO.

(Supreme Court, Appellate Division, Second Department. April 26, 1907.)

1. NEGLIGENCE—ACTS. OR OMISSIONS CONSTITUTING NEGLIGENCE—DANGEROUS MACHINERY.

Where defendant had set up and furnished the machinery in its factory which it agreed to maintain for the use of plaintiff's employer, it was in charge of the factory, within the meaning of Labor Law, Laws 1897, p. 480, c. 415, § 81, imposing on the person in charge of the factory the duty of properly guarding the machinery, and it is liable for an injury to plaintiff due to its neglect to properly guard the machinery.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, § 50.]

2. SAME—DANGEROUS MACHINERY—ACTIONS—TRIAL—INSTRUCTIONS.

In an action for personal injuries to a laborer in a factory, due to defendant's neglect to properly guard machinery, where there was no contract relation between the parties, it was proper to refuse to submit to the jury the question of the assumption of the risk by plaintiff.

Appeal from Trial Term, Richmond County.

Action by Charles E. Poole, an infant, by Charles H. Poole, his guardian, against the American Linseed Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, RICH, and GAYNOR, JJ.

Fredk. E. Fishel, for appellant.

Gilbert D. Lamb, for respondent.

GAYNOR, J. The defendant uses barrels and casks in its business. A part of its establishment was fitted up with machinery for a cooperage. The defendant had a contract with the plaintiff's employer by which he was to use such cooperage to repair the barrels it used at specified prices. It agreed in the contract to furnish and maintain all of the machinery complete and keep it in repair. The plaintiff was caught in an unguarded shaft of the engine in the cooperage while at work there and hurt. The defendant claimed that it was not liable to the plaintiff therefor; that the liability, if any, was with his employer.

Section 81 of the labor law (Laws 1897, p. 480, c. 415) imposes on "the owner or person in charge of a factory" the duty to properly guard several specified parts of machinery, including shafting by name, "and machinery of every description." This of course only means machinery which needs to be and can be guarded for the safety of employés, as has been held.. The learned trial judge submitted to the jury whether the shafting on which the plaintiff was caught came within this category. He charged as matter of law that the said statute requirement applied to the defendant in respect of the plaintiff. This was correct. It had set up and furnished the machinery, and agreed to maintain it to enable the plaintiff's employer to repair its barrels. In this respect it was "in charge" of the factory within the meaning of the statute, and was therefore under the duty which the statute imposes. No contract relation between it and the plaintiff was necessary; the duty grew out of the statute. This was not the case of a factory and its machinery leased to a tenant to be used and maintained by him. The defendant retained control and charge of the machinery, merely allowing its use by the plaintiff's employer for its purposes. Whoever is under a statute duty, or a common law duty, is liable, the same in each case, for injury done to another by its neglect. The liability grows out of the duty. To say that such neglect is some evidence of negligence upon which liability may be based is meaningless; it creates the liability. McMullen v. City of New York, 110 App. Div. 117, 97 N. Y. Supp. 109; San Filippo v. Am. Bill Posting Co., 112 App. Div. 395, 98 N. Y. Supp. 661.

The learned trial judge was right in refusing to submit the question of the assumption of the risk of the unguarded shaft by the plaintiff to the jury. The assumption of risk is a matter of contract, and there was no contract relation between the plaintiff and the defendant. A servant assumes such a risk as a part of his contract of service; he agrees to the risk in order to be employed and paid. The defendant could not discharge the plaintiff, or impose any risk on him as a condition of his remaining at work. Citrone v. O'Rourke Construction Co., 113 App. Div. 518, 99 N. Y. Supp. 241. The charge that if the plaintiff was guilty of contributory negligence he could not recover was all that the defendant was entitled to. Assumption of risk and contributory negligence are distinct things. The case was treated with scientific discrimination by the learned trial judge.

The judgment should be affirmed.

Judgment and order affirmed, with costs. All concur; JENKS, J., in result.