## PEOPLE v. EBERHART.

(Supreme Court, Appellate Division, Second Department. January 28, 1916.)

MASTER AND SERVANT ⚖══11—LABOR LAW—CONSTITUTIONALITY.

    Labor Law (Consol. Laws, c. 31), as amended by Laws 1913, c. 740, requiring employers before operating on Sunday to post a list of Sunday employés, designating the day of rest for each, and to file a copy thereof with the commissioner of labor, and to keep a timebook showing names and addresses of and hours worked by employés, is not unconstitutional, as being overburdensome, arbitrary, and unreasonable, as such posting and filing are necessary for the protection of the worker and as a means to expose evasions of the statute.

    [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ⚖══11.]

Appeal from Court of Special Sessions of City of New York.

William V. Eberhart was convicted of a violation of subdivision 3 of section 8a of the Labor Law, in failing to post and file a list of Sunday employés as required, and he appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

James A. Sheehan, of Brooklyn, for appellant.

Harry G. Anderson, Asst. Dist. Atty., of Brooklyn (James C. Cropsey, Dist. Atty., of Brooklyn, on the brief), for the People.

PUTNAM, J. Appellant committed a breach of an administrative provision of the Labor Law, requiring in factories and mercantile establishments "one day of rest in seven." Laws of 1909, c. 36, as amended by Laws of 1913, c. 740. Except in certain specified employments, this is to be strictly observed where there is Sunday work. By section 3 it is provided that, before operating on Sunday, the employer

---

shall post conspicuously a schedule containing a list of the Sunday employés, and designate the day of rest for each, and shall file a copy of such schedule with the commissioner of labor.

The testimony of a factory inspector showed that on Sunday, August 16, 1914, no such list was posted in appellant's laundry, wherein 15 women were then working. One of the women, then employed there, testified that her rest day had been the previous Thursday. There was a breach of the statute, not by working beyond six consecutive days, but, before operating on Sunday, in failing to post this list, and to file a copy thereof.

Appellant questions this requirement as unconstitutional. While the validity of this "one day of rest in seven" law is settled (People v. Klinck Packing Co., 214 N. Y. 121, 108 N. E. 278), appellant urges that its details of administration are overburdensome, arbitrary, and unreasonable. The employer has not only to post this list or schedule, but (by section 4) he has also to keep a timebook of his employés, wherein are the names, addresses, and hours worked by each, which book is to be open to the commissioner of labor. But the posting of a list and the timebook are not cumulative. Each Sunday worker has an advance assurance of his appointed rest day by the list of such workers being posted. But, lest this provision should fail by the list having been defaced or lost, the worker is further secured by a copy being on file with the commissioner of labor. Hence posting and the filed copy are together needed to protect the worker, and as a means to expose evasions of this statute. Such requirements, therefore, are no breach of constitutional guaranties. Commonwealth v. Riley, 210 Mass. 387, 97 N. E. 367, Ann. Cas. 1912D, 388; Id., 232 U. S. 671, 34 Sup. Ct. 469, 58 L. Ed. 788.

It was for an entire omission to post and file such a list that appellant was fined. He urges that it is a hardship to compel such lists also to be filed with the commissioner of labor; but the Legislature deemed this a part of the worker's protection.

Appellant was rightly convicted for failing to observe this requirement that, before operating on Sunday, a list of employés required or allowed to work on Sunday shall be posted, and a copy filed, designating the day of rest for each, which was a valid regulation for factories and mercantile establishments.

The judgment of conviction should be affirmed. All concur.