THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* R. F. STEVENS COMPANY, INC. (a Corporation), Appellant.

Second Department, May 11, 1917.

**Labor Law, section 8a, relating to work on Sunday, construed — " factory "— establishment for pasteurizing and bottling milk.**

An establishment for the pasteurizing and bottling of milk is not a " factory " within the meaning of section 8a of article 2 of the Labor Law providing that " before operating on Sunday every employer shall post in a conspicuous place on the premises a schedule containing a list of his employees who are required or allowed to work on Sunday," etc.

The meaning of the word " factory " employed in section 8a of the Labor Law, is controlled by the definition contained in section 2, notwithstanding subdivision 2 (f) of section 8a added by Laws of 1914, chapter 388, providing that said section shall not apply to certain establishments including " milk bottling plants, where not more than seven persons are employed."

Subdivision 2 (f), which appears on its face to limit the field of operation of the existing statute, cannot be held to have extended it.

*It seems,* that the exemptions were passed from excess of caution in view of the fact that some of the exempted industries would probably involve manufacture.

There must be some manufacturing in the establishment to bring it within the definition of a " factory " as that word is used in section 2 of the Labor Law.

APPEAL by the defendant, R. F. Stevens Company, Inc., from a judgment of the Municipal Term of the Court of Special Sessions of the City of New York, borough of Brooklyn, Part II, rendered against it on the 22d day of January, 1917, convicting it of violating section 8a of article 2 of the Labor Law, in operating a factory for pasteurizing and bottling milk on Sunday, in that it required one Daniel Callaghan to work in the pasteurizing department, without posting and. filing a schedule, as provided in subdivision 3 of said section. (See Consol. Laws, chap. 31 [Laws of 1909, chap. 36], § 8a, added by Laws of 1913, chap. 740, as amd. by Laws of 1914, chaps. 388, 396, and Laws of 1915, chaps. 321, 357, 648.)

*William B. Carswell,* for the appellant.

*Harry G. Anderson, Assistant District Attorney* [*Harry E. Lewis, District Attorney,* with him on the brief], for the respondent.

BLACKMAR, J.:

The question presented is whether an establishment for pasteurizing and bottling milk is a factory as that term is used in section 8a of article 2 of the Labor Law. The case was tried on the admission of defendant that it did operate such establishment by requiring Callaghan to work in the pasteurizing department on Sunday without posting and filing the required schedule, and that more than seven employees were engaged in pasteurizing and bottling milk. If the establishment was a factory within the meaning of the section, the acts admitted constituted a crime. (*People* v. *Eberhart*, 171 App. Div. 458. See Penal Law, § 1275, as amd. by Laws of 1913, chap. 349.) The meaning of the word "factory," as defined in section 2 of the Labor Law, was considered in *Shannahan* v. *Empire Engineering Corp.* (204 N. Y. 543), in which Judge VANN wrote as follows: "A factory is a structure or plant where something is made or manufactured from raw or partly wrought materials into forms suitable for use. This is the primary definition which was extended by the statute so as to include any 'mill, workshop or other manufacturing or business establishment where one or more persons are employed at labor.' The term 'business establishment' as thus used means one resembling a mill, workshop or other manufacturing establishment. It is confined to things of the same general character as those named. It does not mean all business establishments where one or more persons are employed at labor, but only those engaged to some extent at least in manufacturing of some kind."

It follows from this authoritative construction of the act that there must be some manufacturing in an establishment to bring it within the definition of a factory as that word is used in section 2 of the Labor Law. And so it was held in *O'Connor* v. *Webber* (163 App. Div. 175), and this construction of the definition was approved in the same case when it reached the Court of Appeals after a new trial (219 N. Y. 439).

The inquiry, then, recurs to the question whether pasteurizing and bottling milk is manufacturing. If it was not, the establishment in question was not a factory as defined in section 2 of the Labor Law (as amd. by Laws of 1915, chap. 650). This question was elaborately considered in

*People ex rel. Empire State Dairy Co.* v. *Sohmer* (218 N. Y. 199). It was there held, by a unanimous court, that such processes did not constitute manufacturing. It is true that the case concerned the taxing power, and not the regulation and safeguarding of labor; but the reasoning of the court is so cogent that it cannot be escaped. In the case last cited the process of pasteurizing was fully described, evidently on the evidence in the case. In the case at bar there is no evidence describing the process of pasteurizing, and as the burden rested on the People to establish that the premises was a factory, we would not be justified in disregarding the decision of the Court of Appeals without evidence showing that the process employed by the defendant rendered this decision inapplicable.

But the People claim that the meaning of the word " factory," employed in section 8a, is not controlled by the definition contained in section 2, because certain specified exemptions from the operation of the act operated by implication to enlarge the meaning of the word " factory " to cover the defendant's establishment. The clause relied on by the People is a portion of subdivision 2 of section 8a, which reads as follows:

" 2. This section shall not apply to * * *

" (f) Employees in dairies, creameries, milk condensaries, milk powder factories, milk sugar factories, milk shipping stations, butter and cheese factories, ice cream manufacturing plants and milk bottling plants, where not more than seven persons are employed."

The reasoning is that such exemption would be an idle and useless legislative act unless such establishments are factories, and that, therefore, those employing more than seven persons are subject to the act. Now, if the exemption had been enacted originally as part of section 8a, the reasoning would have had some force. But that clause of exemption was not part of the act as originally passed. (See Laws of 1913, chap. 740.) The law, therefore, when it went into effect adopted the definition of a factory contained in section 2 as construed by the courts; and that was the unquestionable meaning of the term for the first year of the operation of the act. The clause containing the exemptions was inserted in the act a year afterwards. (Laws of 1914,

chap. 388.) It cannot be held that this clause which on its face appeared to limit the field of operation of the existing law, had the effect of extending it. No canon of interpretation requires this, especially when considering the effect of a penal enactment. We hold, rather, that the exemptions were passed from excess of caution, in view of the fact that some of the exempted industries would probably involve manufacture. It is also noted that, on this branch of the case, the whole of the People's argument rests on the use of the words " milk bottling plants " appearing in the clause of exemption in which the word " pasteurizing " is not used, and the laborer in question was employed in the pasteurizing department.

The judgment of conviction of the Municipal Term of the Court of Special Sessions is reversed, and the defendant discharged.

JENKS, P. J., THOMAS, STAPLETON and MILLS, JJ., concurred.

Judgment of conviction of the Municipal Term of the Court of Special Sessions reversed, and defendant discharged.