WILLIAM P. COMISKEY, Respondent, *v.* JAMES O. WINSTON
and THOMAS S. WINSTON, Copartners Doing Business
under the Name and Style of WINSTON & COMPANY, and
MACARTHUR BROTHERS COMPANY, Appellants.

Second Department, July 31, 1917.

**Labor Law, section 81, construed — place in which hoisting engine
is operated not a " factory."**

Persons engaged in the construction of a dam on a public water supply
system who maintain a place in which the sole labor process is the
operation of a hoisting engine are not " in charge of a factory where
machinery is used " within the meaning of section 81 of the Labor Law
so as to make them subject to the duties imposed by said section.

The word " factory " as used in section 81 of the Labor Law and as amplified
by section 2 of said law does not include such a place.

APPEAL by the defendants, James O. Winston and others,
from a judgment of the Supreme Court in favor of the
plaintiff, entered in the office of the clerk of the county of
Ulster on the 12th day of March, 1913, upon the verdict
of a jury for $2,500, and also from an order entered in said
clerk's office on or about the same day denying defendants'
motion for a new trial made upon the minutes.

This appeal was transferred to the Second Department
from the Third Department. (See 176 App. Div. 923.)

*A. T. Clearwater,* for the appellants.

*Bartholomew B. Coyne,* for the respondent.

STAPLETON, J.:

The plaintiff, an employee of the defendants, was injured,
and, alleging that their negligence was the cause of the injury,
he sued them and recovered damages. They appeal.

The defendants were engaged in constructing the main dam
of the Ashokan reservoir, a public work in development of
the water supply system of the city of New York. The
plaintiff was a member of the general utility gang, but at the
time of his injury his special employment was at a dump
hoist, located about thirty or thirty-five feet distant from a

cableway engine. The cableway engine was housed. Into that house, immediately after dinner, the plaintiff went to get warm, as there was no fire at the dump hoist. As he was about to leave, the operator of the cableway engine asked him to get a handful of cement and throw it on the friction block of the cableway engine. In doing so the plaintiff put one foot on the frame of the engine and the other on the floor. The engine started and his foot slipped and went in between the pinion gear and the frame. The pinion gear was unguarded. The last unqualified statement of law made by the trial court in its charge to the jury was to the effect that the defendants were subject to the duties imposed by section 81 of the Labor Law (Laws of 1909, chap. 36, as amd. by Laws of 1909, chap. 299, constituting Consol. Laws, chap. 31). As it was written on December 9, 1909, the date of the casualty, that law reads in part (§ 81): "The owner or person in charge of a factory where machinery is used, shall provide, in the discretion of the Commissioner of Labor, belt shifters or other mechanical contrivances for the purpose of throwing on or off belts on pulleys. Whenever practicable, all machinery shall be provided with loose pulleys. All vats, pans, saws, planers, cogs, gearing, belting, shafting, set-screws and machinery, of every description, shall be properly guarded."

There is in the record evidence that the defendants maintained, for the purposes of their work, at various points within the zone of operation, a blacksmith shop, a wheelwright shop and a supply house, in each of which one or more persons were employed in labor. In the machine shop different parts of the engine were made. "They made whatever was required on different parts of the work at the machine shop, such as guards and one thing and another." The plaintiff, however, was not injured in one of the enumerated structures, but in a detached building in which a cableway engine was operated. That engine was used for hoisting and removing large quantities of earth and stone.

We think it clear that the statute cited is inapplicable. The defendants were not owners or persons " in charge of a factory where machinery is used." The word " factory " is amplified by section 2 of the Labor Law so as to include " any mill, workshop, or other manufacturing or business

establishment where one or more persons are employed at labor." The amplified definition does not include a place in which the sole labor process is the operation of a hoisting engine. Reversible error is, therefore, assigned by an exception to the charge to which we have referred. (*Shannahan* v. *Empire Engineering Corporation*, 204 N. Y. 543. See, also, *O'Connor* v. *Webber*, 163 App. Div. 175.)

The judgment and order should be reversed and new trial granted, costs to abide the event.

JENKS, P. J., RICH, PUTNAM and BLACKMAR, JJ., concurred.

Judgment and order reversed and new trial granted, costs to abide the event.