LIBERTY MUTUAL INSURANCE COMPANY, Plaintiff, *v.* ALBERT W. WHITE, Defendant.

Supreme Court, Ontario County, April 3, 1929.

*John D. Sullivan*, for the plaintiff.

*John Colmey*, for the defendant.

CUNNINGHAM, J. Patrick Linehan was employed as a truck driver by the Lisk Manufacturing Company. In December, 1925, while engaged in the performance of his duties, his truck and the automobile of the defendant collided and Linehan was injured.

Linehan elected to take compensation as provided by the Workmen's Compensation Law and thereupon assigned his claim against the defendant to the plaintiff who was the insurance carrier of the Lisk Manufacturing Company. The plaintiff now sues upon this claim to recover damages for injuries sustained by Linehan.

The defendant in his answer sets up as a separate defense that the injuries sustained by Linehan were received by him in the ordinary course of his employment and that in accepting such employment he assumed the risk of so being injured.

The question to be determined is whether assumed risk may be set up as a defense in this action.

In *Dowd* v. *New York, Ontario & Western Railway Company* (170 N. Y. 459, 470) it is said: " The doctrine of assumed risks rests upon a contract impliedly made before the negligent act of the defendant which caused the injury was committed." And at page 471 it is further said: " Nearly all courts recognize the doctrine of assumed risks as resting upon implied contract."

The injured employee and the defendant are strangers to each other and at the time of the accident there was not any contractual or other relation between them. Therefore, assumed risk is not a defense to this action. (*Poole* v. *American Linseed Co.*, 119 App. Div. 136.)

The motion is granted and the separate defense set up in the 9th paragraph of the defendant's amended answer is stricken out, with ten dollars costs to the plaintiff to abide the event of the action.