Moss Estate, Incorporated, on Behalf of Itself and Other Taxpayers, Appellant, *v.* Town of Ossining, Respondent.

(Argued May 1, 1935; decided June 4, 1935.)

*Ralph W. Crolly* and *Hubert E. Rogers* for appellant. The Town Board had no authority to include the amount of outstanding certificates of indebtedness under " estimated revenues " in the 1934 tax levy. (L. 1933, ch. 96.) Paragraph b of subdivision 2 of section 112 of the Town Law (Cons. Laws, ch. 62), as construed by the Appellate Division, is invalid. (*Dane* v. *Jackson,* 256 U. S. 589; *County of Santa Clara* v. *Southern Pac. R. Co.,* 18 Fed. Rep. 385; *Van Brocklin* v. *Tennessee,* 117 U. S. 151; *Shaffer* v. *Carter,* 252 U. S. 37; *Cache County* v. *Jensen,* 21 Utah, 206; *People ex rel. Carr* v. *C. & N. W. Ry. Co.,* 322 Ill. 150; *Wayne County Sav. Bank* v. *Roscommon Twp.,* 97 Mich. 630.)

*William A. Davidson* and *Herbert C. Gerlach* for respondent. The inclusion by the town in its annual estimate for the fiscal year 1934 of the amount of outstanding certificates of indebtedness due and payable in 1934 less anticipated collections and the subsequent levy of this amount by the Board of Supervisors of the county constituted a valid levy. (Town Law, § 112, subd. 2; *Morris, Mather & Co.* v. *Port of Astoria,* 15 Pac. Rep. [2d] 385.)

CROUCH, J. The plaintiff seeks to recover a portion of the 1934 general town tax paid by it under protest. The payment was not voluntarily made. (*Adrico Realty Corp.* v. *City of New York,* 250 N. Y. 29.)

The defendant is a town in Westchester county. Its system of taxation, with the incidental matters of borrowing money against unpaid taxes and repaying the same, is embodied in chapter 105 of the Laws of 1916, a special statute hereinafter referred to as the Westchester Law,

and in sections 96 and 96-a of the Tax Law (Cons. Laws, ch. 60).

Under that system, the defendant is required in the first instance to finance the county for the town's share of the State and county taxes. Accordingly, the town board borrowed $28,264.07 on July 15, 1933, $42,070.26 on September 15, 1933, and $11,858.72 on November 15, 1933, and issued therefor certificates of indebtedness payable on or before July 15, 1934.

In an amended town budget adopted January 29, 1934, there was included an item of $73,892.37, which was the sum required to redeem and pay the amount outstanding December 31, 1933, on the certificates so issued. There was also an item of $12,300, representing an estimated collection from the unpaid taxes applicable to the payment of the certificates. The difference between the two items, $61,592.37, was the net amount to be raised for the payment of the certificates. It was included in the general levy for 1934, and the proportion thereof paid by the plaintiff is the subject of its complaint here. It says there was no statutory warrant for the relevy as and when made.

1. As to that part of the borrowing of July 15, 1933, which was included in the budget and relevied, we think there can be no sustantial complaint. It is true that the certificate as issued stated that it was " For Temporary Loan in anticipation of Taxes of the year 1933." That does not conclusively establish that the loan was made under the authority of section 117 of the Town Law (Cons. Laws, ch. 62), as appellant contends. Obviously it was not. The loan appears to have been made against transfers of tax liens and was in substance, if not in form, authorized under section 32 of the Westchester Law.

2. As to the balance of the relevy, however, the appellant is clearly right. The amounts were borrowed and the certificates were issued against the unpaid taxes of 1933. Nominally and actually that was done under the

authority of section 31 of the Westchester Law. But that section neither contemplates nor authorizes payment of such certificates by means of a relevy the following year. On the contrary, the mandate of the statute is that the unpaid taxes upon which the certificates are based shall be retained by the supervisor and " shall be collected as hereinafter provided." The reference, beyond doubt, is to the ordinary remedies provided by that statute for the collection of unpaid taxes. (See §§ 34 *et seq.;* §§ 55 and 56.)

But it is said that the inclusion of these items in the budget was not only authorized but was made necessary by section 112, subdivision 2, paragraph (b) of the Town Law. It is unnecessary now to determine whether or not other provisions of that section apply to towns in Westchester county. The Town Law itself leaves intact any existing law applicable to the towns of a particular county. Its provisions are to apply to such a town only when they are not inconsistent with the special law. (Town Law, § 341, subd. 14.) And that is but a statement of the ordinary rule of construction. (Cf. *Buffalo Cemetery Assn.* v. *City of Buffalo*, 118 N. Y. 61, 66.) The particular provision of the Town Law here relied upon is clearly inconsistent with the text and the intent of section 31 of the Westchester Law. It, therefore, has no application and affords no authority for what was done.

The judgment should be reversed and judgment directed in accordance with this opinion, without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur.

Judgment accordingly.