WILLIAM B. JOHNSTON, Respondent, *v.* LEO GORDON and Others, Individually and as Members of the Library Board of Union Free School District No. 28, Appellants, Impleaded with GERTRUDE JASEN, as Acting Treasurer of the Said Library Board, and Another, Defendants.

Second Department, December 27, 1935.

*David Cohen,* for the appellants.

*Morris Alfred Vogel* [*Albert Payman* with him on the brief], for the respondent.

DAVIS, J. The complaint is that of a taxpayer under the provisions of section 51 of the General Municipal Law to restrain certain acts claimed to be illegal and wasteful of public funds on the part of the defendants as members of the library board

of union free school district No. 28, town of Hempstead. The defendants moved to dismiss the complaint on the ground that the court had no jurisdiction of the subject of the action, and that the complaint did not state facts sufficient to constitute a cause of action. The motion was eventually denied; and part of the motion asking other relief seems to have been abandoned.

The primary question is whether or not section 51 of the General Municipal Law applies to a school district and its subsidiary, the library board. The record is not very complete in stating the facts; but it seems that while the district includes the city of Long Beach, its boundaries are not coterminous with the boundaries of the city but include a part of the town of North Hempstead.

In 1928 the union free school district obtained a charter from the Board of Regents to establish a public library in the school district under the provisions of the Education Law, and the then members of the board of education became the members of the library board.

It further appears that the library board and its officers, in respect to expenditures, are subject to the action of the taxpayers at the annual district meeting; and necessary appropriations are made by vote of the taxpayers present. There is a separate tax levied by the district to meet the expenses of the school and the library. In May, 1928, the year when this board received its charter, there was an appropriation made, and the board leased and maintained rooms at 126 West Park street in Long Beach. The library was there maintained until August 1, 1934. On that day the taxpayers at their meeting appropriated $2,500 for rent and maintenance, presumably of the building wherein the library had been maintained since its foundation; and this appropriation was to be raised, as before, by an additional assessment by the district.

It is alleged in the complaint that the board thereafter " surreptitiously, illegally and in contravention of their power and authority * * * entered into a collusive agreement with one William Weiner, the reputed owner or agent of the premises No. 26 West Park Street, * * * by which agreement a lease for ten years for the said premises for its use as a Public Library for the district was entered into by said defendants as Trustees * * *, binding and obligating the taxpayers of said district to pay rent therefor in the sum of $5,000.00 per annum, commencing February 1st, 1935, together with additional payments of taxes," etc., amounting to about $8,000 per annum. This lease is alleged to be illegal and to constitute waste of public funds; and the other facts set forth in the complaint are those typical of a taxpayer's action. The relief demanded is that the contract be declared

void and that the board be restrained from carrying it out. This contract was made when it was well known to the members of the board that the appropriation for the year was only $2,500.

Section 51 of the General Municipal Law provides that an action may be maintained under certain conditions by a taxpayer " for and on behalf of any county, town, village or municipal corporation in this state," to prevent any illegal official acts of its officers or to prevent waste of funds.

Section 2 of the General Municipal Law defines the term " municipal corporation " and limits the definition to " county, town, city and village." The amendment in 1911 (Laws of 1911, chap. 769), called article 2-A (§ 29), states: " The term ' municipal corporation ' as used in this article includes a city, county, village, town, school district, sewer district, water district, lighting district or any other district or territory authorized by law to issue bonds." The purpose of this amendment was obviously to permit bonding of school districts and other districts, but it did not otherwise limit the definition or change the provisions of section 51.

A school district is a civil division of the State, and the board of education is the agency to which the State delegates the power and duty of controlling the schools in the district. (*Herman* v. *Board of Education*, 234 N. Y. 196.) Such school districts, in general, are not municipal corporations, and the districts and their officers are not subject to a taxpayer's action as provided in section 51 of the General Municipal Law. (*Brooks* v. *Wyman*, 220 App. Div. 204; affd., 246 N. Y. 534.)

A somewhat different rule obtains in the city of New York in respect to the fiscal affairs of the district, where control is given by statute to city officers who have charge of the fixing of salaries, the disbursement of funds and general supervisory powers over the amount of expenditures for school purposes, but without limitation on the general management and control of educational affairs (*Matter of Hirshfield* v. *Cook*, 227 N. Y. 297, 304); and it may be that in that city a taxpayer's action may be maintained, although the question is not definitely settled. (*Lewis* v. *Board of Education of City of New York*, 258 N. Y. 117.) Whatever the rule may be as to New York city, it cannot be doubted that in districts like the one here considered such a taxpayer's action cannot be maintained.

If such an action cannot be maintained against a school district, it surely may not be maintained against a subordinate body in the district, chartered by the Board of Regents for very limited purposes. It cannot be claimed on any reasonable or logical basis that this library board is a municipal corporation. It follows, then, that the order should be reversed and the motion granted.

It would seem that the citizens of the district are not left remediless in view of the unauthorized and illegal acts of the members of the board, which, of course, are not here denied. No question other than the one submitted is before us for determination; and we do not assume to determine the rights of the parties that may present a different aspect when other litigation arises. We merely suggest that officers acting beyond their authority and illegally cannot bind the taxpayers of the district by their contracts, although they might obligate themselves individually. They can impose no obligation or tax on the district without having their acts authorized or ratified by those assembled in district meeting. If the members of the board are acting illegally and beyond their authority, there is probably a remedy, either by appeal to the Commissioner of Education under section 890* of the Education Law, or by application to the Board of Regents under section 68, subdivision 4, of the Education Law for removal of any trustee of a corporation created by them for misconduct, incapacity or neglect of duty; and if jurisdiction should be declined by such officers a remedy is furnished by application to the Attorney-General to bring an action under the provisions of sections 60 and 61 of the General Corporation Law. Further, the conduct of public officers and the illegal acts on their part are made the subject of regulation and punishment by article 170 of the Penal Law.

The order made on reargument, entered June 25, 1935, denying motion to dismiss the complaint under section 51 of the General Municipal Law and vacating a prior order dismissing the complaint, and the judgment entered thereon, should be reversed on the law, without costs, and motion to vacate order and judgment dismissing the complaint denied, without costs.

LAZANSKY, P. J., YOUNG, HAGARTY and JOHNSTON, JJ., concur.

Order made on reargument, entered June 25, 1935, denying motion to dismiss the complaint under section 51 of the General Municipal Law and vacating a prior order dismissing the complaint, and the judgment entered thereon, reversed on the law, without costs, and motion to vacate order and judgment dismissing the complaint denied, without costs.

* Formerly § 880, renum. by Laws of 1918, chap. 252.—[REP.