UNION FREE SCHOOL DISTRICT No. 3 OF THE TOWN OF RYE, WESTCHESTER COUNTY, N. Y., Plaintiff, *v.* TOWN OF RYE, Defendant.

Second Department, March 10, 1939.

*William A. Davidson,* for the plaintiff.

*John L. Coward,* for the defendant.

CARSWELL, J. The Westchester County Tax Law (Laws of 1916, chap. 105) contained, *inter alia,* a provision (§ 31) relating to school taxes. It authorized a supervisor, on a specified date, when directed by the town board, to pay over to the treasurer of each school district the amount of unpaid school taxes by borrowing the requisite amount upon the credit of the town. This procedure has been followed for twenty-two years. Its validity has never been challenged, although on another phase this section has been the subject of litigation. (*Moss Estate, Inc.,* v. *Town of Ossining,* 268 N. Y. 114.) It has been recognized as not being violative of section 10 of article 8 of the Constitution in effect until January 1, 1939, the pertinent part of which reads: " No county, city, town, or village shall hereafter give any money or property, or loan its money or credit to or in aid of any individual, association or corporation, or become directly or indirectly the owner of stock in, or bonds of, any association or corporation."

It is claimed, however, that section 31 (*supra*) is now invalid because a provision has been added to the above language in section 1 of article 8 of the present Constitution, which section supersedes former section 10, effective January 1, 1939, reading: " nor shall any county, city, town, village or school district give or loan its credit to or in aid of any individual, or public or private corporation or association, or private undertaking, but this provision shall not prevent a *county* from contracting indebtedness for the purpose of advancing to a town or school district, pursuant to law, the amount of unpaid taxes returned to it."

We are advised that this addition was made at the behest of a delegate during the final hours of the 1938 Constitutional Convention. Apparently he was only interested in a situation which concerned a county. He limited his saving clause to a county, oblivious that it might generate controversy under the settled practices, respectively, of a city, town or village. It is reasonably clear, so far as relates to school taxes and the financing thereof, that he had this language inserted as a matter of excessive caution and in utter disregard of statutes which concern towns and, apparently, in ignorance of the terms of the Westchester County Tax Law.

The main body of the pertinent constitutional provision before it was thus amended did not discriminate between a county, city, town or village. The practice, therefore, under section 31 under the old constitutional provision being valid so far as a town was concerned, was equally valid so far as a county was concerned; hence there was no need of any new language with its purported

saving clause, confined to a county, to justify or sustain a similar statute relating to a county. The statutes authorizing this form of school tax financing were heretofore deemed to mean that the State had required the town to furnish the machinery for the collection of school taxes and the payment of uncollected school taxes as the town's own indebtedness. On such a view, a borrowing incidental to carrying out the statutory mandate was not a loaning of credit. It was a borrowing of money by the town to pay its own obligation in respect of school taxes, the payment, particularly the uncollected portion thereof, being directly devolved upon the town. As a consequence of the method authorized by section 31, the conventional debtor and creditor relationship does not arise between the school district and the town. Nor does it result in a primary or contingent obligation owing by the school district to the town. The section has merely directory regulations covering the manner in which the town shall provide requisite earmarked funds, essential to the operation of the school district, as a responsibility of the town. School taxes are the initial medium, a tax lien for which is not the property of the school district but, on the contrary, is the property of the town.

The new matter above quoted, preceding the new saving clause above quoted, did not enlarge the interdiction contained in the old language or affect the method of financing school taxes set out in section 31. The new matter is repetitious and, since the practice authorized by section 31 was not violative of the original language of article 8, it is likewise not violative of this new, somewhat redundant, language even though it has a new reference to a " public corporation." A " school district " is not, strictly speaking, a " public corporation." It is a municipal corporation under the generic or comprehensive statutory definition of that term. (Gen. Corp. Law, § 3, subd. 1.) That is its general status, even though in respect of the availability of certain remedies under the General Municipal Law as a consequence of a limited or specific statutory definition therein, it has been held not to be a municipal corporation within that particular statute so far as taxpayers' actions are concerned. (*Johnston* v. *Gordon*, 247 App. Div. 40; *Brooks* v. *Wyman*, 246 N. Y. 534.) A " public corporation " contemplates ownership thereof by the State or a subdivision thereof (*Dartmouth College* v. *Woodward*, 17 U. S. [4 Wheat.] 518, 668, 669; 1 Bouvier's Law Dict. [Rawle's 3d Rev.] 684), such as a State or government owned bank, and is essentially a " public benefit corporation," which latter is the subject of statutory definition (Gen. Corp. Law, § 3, subd. 2), of which Triborough Bridge Authority is typical. (Laws of 1933, chap. 145.) It is to be distinguished

from a civil division such as a school district. That new language, therefore, should be confined to a true loaning of credit, which the school tax financing authorized in section 31 is not.

Since it appears that if, under the old language of the Constitution, a county, under an appropriate statute, did that which the town is here required to do, its action would have been valid without this unnecessary saving clause, the same is true of a town. It follows that the insertion of the " county " saving clause did not decrease the rights of a town under the language of the old constitutional provision, which is contained in the new constitutional provision with an added counterpart which does not, as indicated, add any further limitation on the powers of a town, except as to a " public corporation," which term does not connote a school district.

As is well known to those familiar with legislative practices (and the corresponding technique in a constitutional convention), it frequently happens that a statute has in the body thereof language which defines its sphere of operation or field of inhibition and which effects certain inclusion or exclusion. Despite this, as a consequence of excessive caution, tinkering ensues, with the result that so-called " saving clauses " are added to exclude from the operation of the main body of language certain acts which are not interdicted by the main body of language. The doing of this as a matter of excessive caution does not change the true meaning of the main language. The result of that practice here involved should be construed to have the same effect or want thereof. An instance of the operation of this principle in the interpretation of a statute is *People* v. *Stevens Co., Inc.* (178 App. Div. 306). The doctrine of the foregoing case, applied to this constitutional provision, avoids the mischievous consequences which would ensue from the defendant's contrary interpretation. It is a commonplace that where two interpretations of language are available and one is productive of invalidity and chaos, while the other saves validity and avoids chaos, the latter interpretation will be adopted. As thus construed, section 1 of article 8 of the Constitution, in effect January 1, 1939, does not invalidate the Westchester County Tax Law, particularly section 31 thereof.

It is conceded that if this statute is constitutional, plaintiff should have judgment.

Judgment should be directed for plaintiff, without costs.

JOHNSTON, ADEL and TAYLOR, JJ., concur; HAGARTY, J., dissents in opinion and votes to direct judgment for the defendant dismissing the claim of the plaintiff, without costs.

HAGARTY, J. (dissenting). The Westchester County Tax Law (Laws of 1916, chap. 105, as amd.) provides for the utilization of

the tax collection machinery of the towns of Westchester county on behalf of school districts within such towns. Upon certification by the trustees or board of education of a school district of the amount of its annual tax and special assessments, the town supervisor extends the tax for such tax district and delivers his warrant for the collection thereof to the receiver of taxes. The tax becomes a lien in September of each year and is paid by the supervisor to the treasurer of the school district in monthly installments until the following first day of February. Thereafter, whenever the supervisor shall receive from the receiver of taxes an account of unpaid school taxes, he shall " borrow upon the credit of the town a sum not, exceeding the amount of the unpaid taxes so reported." From the proceeds of such bonds or certificates of indebtedness, the supervisor shall pay to the treasurer of each school district the amount of unpaid school taxes of such district. After this has been done, the taxes as collected belong to the town (Westchester County Tax Law, § 24) and are used for the purpose of liquidating the bonds or certificates. In the event that the town cannot borrow upon such certificates or bonds or dispose of them, the supervisor shall continue to pay to the school districts the taxes as collected. (Id. § 31.)

On the 1st day of February, 1939, there remained uncollected a balance of $15,927.16 of the budget of the plaintiff school district in the sum of $205,289.58, which had been certified by the latter to the supervisor of the defendant the preceding June. Plaintiff demanded that the supervisor of defendant pay over this balance to it, which the latter refused to do, except as collected, on the ground that the Constitution of the State of New York (Art. 8, § 1) prohibited defendant from borrowing money for that purpose. The pertinent provision reads: " No county, city, town, village or school district shall give or loan any money or property to or in aid of any individual, or private corporation or association, or private undertaking, or become directly or indirectly the owner of stock in, or bonds of, any private corporation or association; *nor shall any county, city, town, village or school district give or loan its credit to or in aid of any individual, or public or private corporation or association, or private undertaking, but this provision shall not prevent a county from contracting indebtedness for the purpose of advancing to a town or school district, pursuant to law, the amount of unpaid taxes returned to it.*" (Emphasis mine.)

In the light of this recent amendment, the provisions of the Westchester County Tax Law, in so far as they require the defendant to borrow upon its credit to pay school district taxes, are, in my opinion, unconstitutional.

The school district, itself a civil division of the State (*Herman v. Board of Education*, 234 N. Y. 196, 202), acts through its trustees, who also constitute the board of education. The board of trustees is a public corporation. (*Bassett v. Fish*, 75 N. Y. 303, 311; *Van Campen v. Olean General Hospital*, 210 App. Div. 204, 206; affd., without opinion, 239 N. Y. 615; Education Law, § 270.) There might be room for argument that, in adopting the above-quoted constitutional provision, it was not intended thereby to affect the power of the town to borrow on its own credit in aid of a civil division of the State; even though operating through the medium of a public corporation, but such a contention is not tenable in the light of the saving clause incorporated in the prohibition, which clearly indicates that the constitutional provision does contemplate the inclusion of school districts as public corporations on behalf of which a town may not lend its credit. A county alone may do so for the amount of unpaid taxes returned to it. *Expressio unius est exclusio alterius.*

It is plaintiff's contention, in effect, that although the town, in form, is borrowing on its credit for the school district, it is in reality borrowing for itself, as education may under the circumstances be said to be a town purpose. Even though it may be held that moneys paid to a school district are expended for a town purpose (*Village of Kenmore v. County of Erie*, 252 N. Y. 437, 442), the State, in enacting the Westchester County Tax Law, elected to impose a tax directly for that purpose, although taking advantage of the taxing machinery of that political subdivision, rather than charge the subdivision with the obligation of maintaining the educational system within its confines. (*Mayor, etc., of City of N. Y. v. Davenport*, 92 N. Y. 604, 616.) Pursuant to the scheme of taxation evolved in the Tax Law under consideration, the budget for a school district is made and prepared by the trustees or board of education of such district, the assessment roll is subdivided to show a separate division or column for school district taxes, and the latter are kept apart as a fund independent of town taxes. The town as an entity is not primarily charged with the obligation of paying for educational requirements. Under such circumstances, the constitutional provision cannot be construed as ignoring the independent entities of the town and the school district, particularly in the light of the saving clause.

For the foregoing reasons, I am of opinion that, in accordance with the stipulation of the parties, judgment should be rendered for the defendant, dismissing the claim of the plaintiff, without costs.

Judgment directed for the plaintiff, without costs.