■ CENTRAL SCHOOL DISTRICT No. 1 OF THE TOWNS OF COLCHESTER, HAMDEN, HANCOCK, WALTON, ANDES AND TOMPKINS, DELAWARE COUNTY, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 36775.) — The lands appropriated by filing of map on March 4, 1958, were held by respondent school district for school purposes and thus in a governmental capacity. (*Brush* v. *Commissioner*, 300 U. S. 352, 371; *Matter of Bethlehem Union Free School* v. *Wilson*, 303 N. Y. 107, 113; *Union Free School Dist. No. 14* v. *Village of Hewlett Bay Park*, 279 App. Div. 618–619.) Consequently, the district was not entitled to compensation upon the taking by the State. (*Hunter* v. *Pittsburgh*, 207 U. S. 161, 178–179; *People ex rel. Palmer* v. *Travis*, 223 N. Y. 150, 166–167.) Section 3 of the General Municipal Law, providing a different rule in respect of property of a "municipal corporation" appropriated for a "substantially

different" purpose was enacted subsequent to the appropriation here but it may nevertheless be noted that, whether through oversight or otherwise, school districts, not included within the definition in section 2 of the act (and see *Johnston* v. *Gordon,* 247 App. Div. 40), were not brought within the provisions of section 3, and although they are treated as municipal corporations for other purposes (General Corporation Law, § 3, subd. 2) the section cited must, under section 6 of the same act, yield to the conflicting provision of the General Municipal Law. Judgment reversed, on the law, and claim dismissed, without costs. Bergan, P. J., Gibson, Reynolds and Taylor, JJ., concur.