YORKTOWN CENTRAL SCHOOL DISTRICT No. 2, Respondent, *v.* YORKTOWN CONGRESS OF TEACHERS et al., Appellants.

Second Department, October 29, 1973.

*Eugene M. Kaufman (Stephen A. Perelson, Robert E. Sapir, Noel D. Cohen, Jack J. Sissman, Charles D. Maurer* and *Paul Janis* of counsel), for appellants.

*Poletti, Freidin, Prashker, Feldman & Gartner (Robert Morris* and *John T. Rose, II,* of counsel), for respondent.

*Per Curiam.* With the commencement of this action to enjoin a strike by teachers employed by the plaintiff, the plaintiff made a motion for a preliminary injunction, upon an order to show cause of the Special Term in Westchester County, dated September 17, 1973, which contained a temporary restraint of the strike. Thereafter, the plaintiff made a further motion, by a second order to show cause of the Special Term dated September 20, 1973, to punish the two named defendants and others for contempt of court for violation of the restraining provisions of the September 17 order. The defendants have appealed from two subsequent orders of the Special Term, namely, the first entered on September 24, 1973, which denied their motion to vacate the September 20, 1973 order to show cause, and the second entered October 4, 1973, which granted the plaintiff's above-mentioned motion to punish for contempt as to

the two named defendants, that is, the Yorktown Congress of Teachers (hereinafter called the "union"), and John Roden (the union's president), who is a teacher, and 21 other named teachers,

The union was fined $1,000 a day for the 13 days that the strike had been in effect, that is, from September 18, 1973 to October 4, 1973, inclusive, and $1,000 a day thereafter for as long as the strike would continue. Each of the six teachers who were also officers of the union was sentenced to serve 30 days in the Westchester County Jail and fined $250. Each of the other 16 teachers was sentenced to serve 15 days in the Westchester County Jail and fined $250. Execution of each sentence was stayed by order of the Presiding Justice of this court.

The summons and complaint in this action, together with the September 17 order to show cause, was served on that day upon 42 of the approximately 300 teachers employed by the plaintiff school district and on the union. The next day its president was served with the same papers. On September 20, 1973 the plaintiff caused to be served on the union and 19 of the aforesaid teachers (together with three additional teachers) the above-mentioned order dated that day, which directed them to show cause why they should not be punished for contempt for violating the September 17, 1973 temporary restraining order.

As above stated, on September 24, 1973 an order was entered denying the defendants' motion to vacate the September 20, 1973 order to show cause and that is the first order from which an appeal has been taken.

After a hearing on the motion to punish, the Special Term found (1) that the union and 19 of the teachers here involved were served with the temporary restraining order on September 17 or 18, 1973; (2) that teachers Nevin, Lushbaugh and Baker were not served with the temporary restraining order, but had knowledge thereof because they were officers of the union (vice-president, secretary and grievance officer, respectively); (3) that each of these 22 teachers failed to report for work and absented themselves without permission, not only up to the time of the service on them of the September 20 order to show cause, but also thereafter and up to the time of the decision on October 4, 1973, thus continuing to strike; (4) that the evidence proves beyond a reasonable doubt that the union and the 22 teachers willfully disobeyed the order of September 17, 1973; and (5) that, therefore, they are guilty of criminal contempt of court. Thereafter, the 22 teachers were sentenced and fined and

a fine was imposed upon the union, as above stated. The order entered thereon is the second order from which an appeal has been taken.

The plaintiff is a central school district which operates five elementary schools plus a middle school and a high school in the Town of Yorktown Heights, Westchester County. Approximately 5,000 pupils attend these seven schools. The defendants argue that the plaintiff does not have capacity to sue and that the suit should have been brought by the Board of Education of the central school district since the latter has the power to manage the district (Education Law, § 1804, subd. 1). Indeed, suits have been brought by boards of education of such school districts under the Taylor Law (Civil Service Law, § 200 *et seq.*); (*Board of Educ. of Union Free School Dist. No. 3 of Town of Huntington* v. *Associated Teachers of Huntington,* 30 N Y 2d 122; *Board of Educ. Cent. School Dist. No. 1 of Town of Grand Is.* v. *Helsby,* 37 A D 2d 493).

However, even though the cited cases were actions under the Taylor Law and the boards of education were there considered public employers, in our opinion, a school district may also be a proper party plaintiff. A school district is a " government " or " public employer " under the express provisions of the law (Civil Service Law, § 201, subd. 6, par. [a], cl. [iii]). A school district under the act has the power to appoint an attorney (Civil Service Law, § 201, subd. 3, cl. [a]) and to negotiate collectively with the teachers and to enter into written agreements with them (Civil Service Law, §§ 203, 204). Besides, a school district is a municipal corporation (General Corporation Law, § 3, subd. 2; General Municipal Law, § 119-n, subd. a). Statutes authorize actions against school districts (CPLR 504; General Municipal Law, § 50-i; see *Widger* v. *Central School Dist. No. 1,* 20 A D 2d 296) and actions have been brought by school districts in their own names (*Central School Dist. No. 1 of Towns of Colchester* v. *State of New York,* 18 A D 2d 943, affd. 13 N Y 2d 1031; *Union Free School Dist. No. 3 of Town of Rye* v. *Town of Rye,* 256 App. Div. 456, affd. 280 N. Y. 469).

The defendants argue that the chief legal officer of the district should have brought the application for the injunction in his own name (Civil Service Law, § 211) and not in the name of the plaintiff. It is not claimed that the attorneys representing the plaintiff are not the attorneys duly retained by the district. We reject the defendants' contention and construe the statute to mean that the school district attorneys are the ones required

to represent the district in applying for the injunction and that the district may not appear by one not so denominated.

The defendants' further contention that they were entitled to a jury trial is completely devoid of merit (*Rankin* v. *Shanker*, 23 N Y 2d 111; *City of New York* v. *De Lury*, 23 N Y 2d 175).

The next contention of the defendants is that they were not proved guilty of criminal contempt beyond a reasonable doubt. In criminal contempt, proof of guilt must be established beyond a reasonable doubt (*Michaelson* v. *United States*, 266 U. S. 42, 66; *People ex rel. Valenti* v. *McClosky*, 8 A D 2d 74, affd. 6 N Y 2d 390). We find that claim to be untenable.

It was conceded that the strike began on September 17, 1973 and was still continuing up to the time this matter was argued before this court on October 10, 1973. It was also conceded that 19 of the 22 teachers (the exceptions being Nevin, Lushbaugh and Baker) were served with the temporary restraining order on September 17 or 18. Evidence was introduced that on the crucial dates none of the 22 teachers checked the " check-in — check-out " sheets which the district required each teacher to do on each school day when he or she is present, a rule and practice with which each of the 22 was familiar. None of the teachers notified the schools that they would be absent on those days, as they were required to do by the rules and practice in the district, with which each of the 22 was also familiar. The 19 teachers were served with the temporary restraining order dated September 17, 1973 and with the order to show cause dated September 20, 1973 while they were on picket lines in front of the schools. In our opinion, this evidence together with the inferences fairly to be drawn therefrom permits of only one conclusion, namely, that these 19 teachers were absent from school without permission and that they were engaged in the illegal strike and, thus, were guilty of criminal contempt.

Persons who have knowledge of the mandate of a court may be punished for contempt even though not served with a copy of the order allegedly disobeyed (*People ex rel. Stearns* v. *Marr*, 181 N. Y. 463). With respect to appellants Nevin, Lushbaugh and Baker (who were not served with the September 17, 1973 temporary restraining order), the proof showed that (1) on September 18, 1973 a strike bulletin issued by the defendant union called attention to the temporary restraining order and advised all persons, whether served with the order or not, to feel free to contact the union office for additional information; (2) on September 19, 1973 a strike bulletin issued by the defendant union stated that the middle school (at which

appellant Nevin was a teacher) was 100% on strike and on the picket line; (3) the order to show cause dated September 20, 1973 named Nevin as the vice-president of the union, Lushbaugh as the secretary of the union and Baker as the grievance officer of the union; (4) in a petition, dated September 22, 1973, by all the 22 teachers for removal of this litigation to the United States District Court for the Southern District of New York it was alleged that they are all members of the union and the order to show cause, dated September 20, 1973, naming these appellants as officers of the union was attached to the petition; and (5) these appellants were served with the order to show cause dated September 20, 1973 while they were on the picket line. In our opinion, the totality of this proof is sufficient to show that these three appellants were officers of the union and that they were aware of and intended to and did violate the terms of the temporary restraining order of September 17.

Having decided that all of the defendants are guilty of criminal contempt of court, we now come to the defendants' contention that the punishment imposed by the Special Term is, under all of the circumstances here present, excessive. They contend that no school teacher in this State has ever been incarcerated for a violation of the Taylor Law and that in the one case where punishment of imprisonment was imposed upon an officer of a teachers' union it did not exceed 15 days.

The Taylor Law, rightly or wrongly, represents the public policy of this State. Its object is to proscribe strikes such as that herein which "would not only deprive children of their fundamental and statutory right to a basic education—thereby severely handicapping them in their efforts to attain higher education and future employment—but it would also impair their respect for law" (*Rankin* v. *Shanker*, 23 N Y 2d 111, 118, *supra*). So long as it is the law, no individual or group of individuals, no matter how well motivated, may, by breaking that law and thereafter willfully disobeying a court order to comply with it, complain if he or they are compelled to suffer the sanctions which in advance of their defiance they knew the law provided.

We conclude that the Special Term was fully justified in the penalties imposed upon the individual defendants and the union. However, since the argument of this appeal the plaintiff through its attorneys has advised this court that it does not desire further incarceration of the defendants. For the reasons above expressed, we do not fully accept the plaintiff's recommendation. Therefore, we modify the sentences imposed upon the individual

teachers who are not officers of the union, by affirming the fines of $250 but reducing their period of incarceration to the time already served by them. As to the individual officers of the union, we modify the sentences by affirming the fines of $250 but reducing the period of incarceration to five days each, with credit for time already served by them. The unserved period of incarceration shall be served on consecutive weekends so as not to interfere with the teachers' obligation to their students. As to the fine of $1,000 a day imposed upon the union, we limit that to the period from September 18, 1973 to October 4, 1973, inclusive, the date of the order of the Special Term.

The order dated September 24, 1973 should be affirmed.

The modification by this court of the punishment imposed by the Special Term is made without detracting from what we have heretofore stated. We reaffirm our strong opinion that court orders must be obeyed if our free society is to survive; only chaos can result if every man may deem himself above the law.

RABIN, P. J., MUNDER, MARTUSCELLO, LATHAM and SHAPIRO, JJ., concur.

Order of the Supreme Court, Westchester County, entered September 24, 1973, affirmed, without costs.

Order of the same court entered October 4, 1973 modified in the interests of justice, by (1) reducing the jail terms of the 16 teachers who are not officers of the Yorktown Congress of Teachers to the time already served by them; (2) reducing the jail terms of the six teachers who are officers of the Yorktown Congress of Teachers to five days each, with credit for time already served, and further directing that their unserved time shall be served on consecutive weekends; (3) affirming the fine of $250 imposed on each of said 22 teachers; and (4) limiting the $1,000 a day fine imposed upon the Yorktown Congress of Teachers to the period from September 18, 1973 to October 4, 1973, inclusive. As so modified, order affirmed, without costs.