Syllabus.

## CITY AND COUNTY OF HONOLULU *v.* HONOLULU RAPID TRANSIT & LAND COMPANY.

### No. 1251.

MOTION TO DISMISSS APPEAL.

ARGUED FEBRUARY 2, 1920.        DECIDED FEBRUARY 11, 1920.

COKE, C. J., KEMP AND EDINGS, JJ.

APPEAL AND ERROR—*carriers.*

> An appeal does not lie directly to the territorial supreme court from an order made by the public utilities commission requiring a carrier to relocate its car tracks in the public highways of the city of Honolulu.

OPINION OF THE COURT BY COKE, C. J.

This is an appeal by the Honolulu Rapid Transit & Land Company, respondent-appellant, from an order of the public utilities commission of Hawaii, made and entered on December 11, 1919, requiring the transit company to remove its street railway tracks from the present location thereof along the mauka or east side of Ala Moana, or Moana road, in the city of Honolulu, and to relocate the same in double track at or near the center of Ala Moana conformably to the map and plan on file with the public utilities commission. That portion of the street-car tracks of the transit company to be affected by the order of the utilities commission extends along Ala Moana south from Richards street to Keawe street. This order was issued on the petition of the City and County of Honolulu presented to the public utilities commission and after due notice and hearing was had thereon. The City and County now moves to dismiss the appeal of the transit company.

This opinion will be confined to the merits of para-
graph 1 of the motion which reads as follows: "(1)
That there is no appeal and no means provided by law
for an appeal from the order of the public utilities com-
mission from which the respondent-appellant has pur-
ported to take its appeal to this court." Section 2234
R. L. 1915 specifies the only circumstances under which
an appeal may be taken from an order of the public util-
ities commission directly to the supreme court. That
section is as follows: "All rates, fares, charges, classifi-
cations, rules and practices made, charged or observed by
any public utility, or by two or more public utilities.
jointly, shall be just and reasonable, and the commission
shall have power, after a hearing upon its own motion,
or upon complaint, and in so far as it is not prevented
by the constitution or laws of the United States, by
order to regulate, fix and change all such rates, fares,
charges, classifications, rules and practices, so that the
same shall be just and reasonable, and to prohibit re-
bates and unreasonable discriminations between locali-
ties, or between users or consumers under substantially
similar conditions. From every order made by the com-
mission under the provisions of this section an appeal
shall lie to the supreme court of Hawaii in like manner
as an appeal lies from an order or decision of a circuit
judge at chambers. Such appeal shall not of itself stay
the operation of the order appealed from, but the su-
preme court may stay the same, after a hearing upon a
motion therefor, upon such conditions as it may deem
proper as to giving a bond and keeping the necessary
accounts or otherwise in order to secure a restitution
of the excess charges, if any, made during the pendency
of the appeal in case the order appealed from should be
sustained in whole or in part."

Counsel for the City and County of Honolulu argues

that the public utilities commission in issuing the order complained of was not proceeding under the authority of section 2234 because the order does not regulate, fix nor change rates, fares, charges, classifications, rules or practices made, charged or observed by the public utility, but that the commission was exercising the authority formerly vested in the superintendent of public works by chapter 54 R. L., and which was expressly delegated to the commission by the Act of Congress of March 28, 1916.   (See 39 U. S. Stat. L., Pt. 1, Ch. 53, pp. 38, 39.)

Whether the public utilities commission was properly acting within the scope of its power and authority we are not now called upon to determine but we think it obvious that the commission was not attempting to regulate rates, fares, charges, classifications, rules and practices charged or observed by the public utility and for this reason no appeal lies to the supreme court in the first instance.    It cannot be doubted that the transit company is entitled to have recourse to the courts of the Territory, for "all acts of the public utilities commission herein provided for shall be subject to review by the courts of said Territory." (See 39 U. S. Stat. L., Pt. 1, Ch. 53, pp. 38, 39.)    And even where legislatures have attempted to make the conclusions of the commission final and beyond the reach of the courts these statutes have been held invalid as depriving the carrier of its right to a judicial investigation to which it is entitled under the guaranty of due process of law. *Chicago, Milwaukee & St. Paul R. Co.* v. *Minnesota,* 134 U. S. 418; *Missouri-Pacific R. Co.* v. *Tucker,* 230 U. S. 340; *Chicago, etc., R. Co.* v. *Jones,* 149 Ill. 361; *Com.* v. *Atl. Coast Line R. Co.,* 106 Va. 61.    If the order made by the public utilities commission of Hawaii requiring the transit company to relocate its car tracks violates the

legal rights of the company the mode of judicial relief against the order is by bill in equity or other appropriate proceeding before a territorial court having original jurisdiction of such matters, the proceeding before that court being, of course, reviewable here.

The motion is granted and the appeal herein dismissed.

*R. A. Vitousek,* First Deputy City and County Attorney, for the motion.

*A. L. Castle* contra.

*E. M. Watson* of the firm of *Watson & Clemons,* counsel for the Public Utilities Commission, *amicus curiae.*