This case is before us upon appeal from a decree of *Page 548 
the circuit judge in probate in the division of domestic relations. The decree appealed from denies and dismisses the petition of Katherine Ryan, a minor, appearing in her own person and by Hattie Silva, her mother and next friend, for the removal of Bishop Trust Company, Limited, as guardian of the estate of said minor, and for the appointment of a successor guardian.
The petition alleges in effect, among other things, that the Bishop Trust Company, Limited, was duly appointed guardian of said estate on October 3, 1921, when said minor was eight years old; that said minor is now of the age of sixteen years and over; that the said Bishop Trust Company, Limited, has conducted the affairs of said guardianship in accordance with law and is in all respects a fit and proper person to continue to act as such guardian, except as herein set forth, to-wit, that the "petitioner * * * asks and desires * * * that said Bishop Trust Company, Limited, file its final accounts herein, and then and thereupon be removed as guardian" of said estate and "that then and thereupon Edwin Kekuku," therein alleged to be in all respects a fit, proper and suitable person for that purpose, be "named and appointed successor guardian in the place and stead of said Bishop Trust Company, Limited." The guardian demurred to said petition on the grounds that the same did not state facts sufficient to constitute grounds for the removal of said guardian nor for any other relief and that it did not appear from said petition that said guardian had become incapable of discharging its duties or unsuitable therefor or that it would be for the best interests of said minor to remove said guardian.
Upon submission Judge Davis of the third division, sitting temporarily in said division of domestic relations, and to whom said case had been assigned, overruled said *Page 549 
demurrer and the guardian thereupon answered to the merits, admitting the allegations contained in paragraphs 1, 2 and 3 of said petition, and, because of insufficient information, neither admitting nor denying the allegations of paragraphs 4, 5 and 6 thereof, but leaving petitioner to her proof of the same. Thereafter the minor filed her nomination of the Union Trust Company, Limited, as alternate successor guardian in the event that the court should not see fit to appoint her first nominee, Edwin Kekuku. Thereafter the matter came on for hearing upon its merits before Judge Watson, judge of the division of domestic relations, upon the petition, answer, nomination of alternate successor of guardian and testimony taken before the third judge, which by stipulation of counsel in open court constituted all of the facts and evidence which either party desired to offer on said hearing. It was also stipulated by counsel in open court that the mother of said minor has at all times had the custody of the person of the minor and the care of her education. That the Union Trust Company, Limited, is to all intents and purposes a fit and proper person to act as guardian of any minor was also stipulated. Said the trial judge: "The single issue presented for the decision of this court is, whether a minor, for whose estate a guardian has legally been appointed by this court, whilst said minor was within the age of sixteen years, on attaining that age, has the right, at her mere election, to have such guardian displaced, and a new one, of her nomination, substituted." The foregoing issue was decided against the contention of the minor and the decree aforesaid was entered.
Upon appeal the minor urges (1) that "the law of the case had been established by Judge Davis in overruling the demurrer;" that "the action of Judge Watson in dismissing the petition was substantially nothing more or *Page 550 
less than the exercise of an assumed appellate jurisdiction over the order of Judge Davis and was nothing more or less than an overruling by Judge Watson of the order sustaining the demurrer entered by Judge Davis." Such action, it was urged, was beyond the jurisdiction of the judge attempting to exercise the same. (2) That a minor, for whose estate a guardian has legally been appointed by the proper court while said minor was under the age of sixteen years, has the right on attaining the age of sixteen years, at her mere election by petition, to have such guardian displaced and a new one of her nomination substituted.
The foregoing contentions will be considered in the order in which they are above recited.
(1) It is apparent from the recital of facts herein contained that the case did not proceed to final decree before the substitute judge and that the orders entered by the latter were not final but were interlocutory orders, still subject to vacation by himself up to the time of the transfer of the case to the judge of the division of domestic relations. The proceedings thereafter were in no sense appellate proceedings and were subject to no other or different rules than those to which they would have been subject if the third judge had continued to preside. "In the absence of statute the phrase, law of the case, as applied to the effect of previous orders on the later action of the court rendering them in the same case, merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power. King v. WestVirginia, 216 U.S. 92, 100. Remington v. Central Pacific R.R.Co., 198 U.S. 95, 99, 100. Great Western Telegraph Co. v.Burnham, 162 U.S. 339, 343." Messenger v. Anderson,225 U.S. 436, 444. "While it has been held in some jurisdictions that the ruling on demurrer *Page 551 
is conclusive unless excepted to and reversed, it is generally held that it is not such a final adjudication that the court may not at any time before final judgment reconsider its ruling and enter a contrary one, especially if convinced that a mistake was made." 49 C.J. 453. See also 31 Cyc. 350; 15 C.J. 963; Gerard
v. Ives, 62 Atl. (Conn.) 607; Lewers Cooke v. Atcherly,222 U.S. 285, 295, affirming 18 Haw. 625 and 19 Haw. 47. "While one judge of a court should not ordinarily review the rulings of another judge of the same court in the same case, the judge before whom the later proceedings are had is not absolutely bound to follow the rulings of the judge before whom the earlier proceedings were had." 15 C.J. 963. See also Beardsley'sAppeal, 83 Conn. 34, 75 A. 141; Follmer v. State,94 Neb. 217, 142 N.W. 908, Ann. Cas. 1914D, 151. Applying the words of Mr. Justice Holmes in his above-quoted opinion in Messenger v.Anderson, supra: "Of course this court, at least, is free when the case comes here."
(2) Thus the issue set forth in the opinion of the trial judge, and hereinabove quoted, having been duly presented to and the same having been legally determinable by him at the hearing of the case on its merits, it remains for us to review his decision of that issue.
The matter of the nomination, appointment and removal of guardians is provided for and controlled by statute. Section 3065, R.L. 1925, provides for their nomination and appointment as follows: "If the minor is under the age of sixteen years, the judge may nominate and appoint his guardian, and if he is above the age of sixteen years, he may nominate his own guardian, who, if approved of by the judge, shall be appointed accordingly, and if the guardian nominated by such minor shall not be approved by the judge, or if the minor shall reside without *Page 552 
the Territory, or if after being cited by the judge he shall neglect to nominate a suitable person, the judge may nominate and appoint the guardian, in the same manner as if the minor were under the age of sixteen years." In conformity with the provisions of the above-quoted statute the Bishop Trust Company, Limited, on October 3, 1921, was appointed guardian of the estate of Katherine Ryan, a minor, then under sixteen years of age. The tenure of all guardians appointed in conformity with the terms of the above-quoted section 3065 is thus provided in the succeeding section, namely, section 3066: "Every guardian appointed as aforesaid shall have the custody and tuition of the minor, and the care and management of his estate, and shall continue in office until the minor shall arrive at the age of twenty years, or until the guardian shall be discharged according to law; provided, however, that the father of the minor, if living, and in case of his death, the mother while she remains unmarried, being themselves respectively competent to transact their own business, shall be entitled to the custody of the person of the minor, and to the care of his education." The tenure of the guardian, durante minore aetate, provided by the foregoing section, is similar to that provided by section 3068 for a testamentary guardian.
Katherine Ryan at the time of filing her petition had not yet arrived at the age of twenty years and her guardian had not been discharged according to law. Grounds for the removal of a guardian and the appointment of his successor are set forth in section 3093, R.L. 1925, as amended by Act 42, L. 1925, as follows: "Where any guardian appointed either by a testator or by any of the judges hereinbefore mentioned, shall become insane or otherwise incapable of discharging his trust, or unsuitable therefor, or where it shall appear to any of said judges *Page 553 
that it would be for the best interests of said minor to remove the guardian of its person, any of said judges, after notice to such guardian and to all others interested, may remove him, and every guardian may upon his request be allowed to resign his trust, when it shall appear to the judge proper to allow the same; and upon every such resignation or removal, and also upon the death of the guardian, the judge may appoint another in his stead." Section 3094, R.L. 1925, as amended by Act 120, L. 1929, sets forth a circumstance which operates as a discharge of the guardian by law and other circumstances which warrant discharge by a judge. None of them include as a ground for such discharge the fact of the attainment by the ward of the age of sixteen years and none of them are applicable to the present case.
Under the statutes above cited we conclude, as did the trial judge, that a circuit judge having regularly appointed a guardian for the estate of an infant under sixteen years of age, the infant after she attains that age has not the right at her mere election to have her guardian thus appointed displaced and a new one of her own nomination substituted. See Ham v. Ham, 15 Gratt. 74; Mauro v. Ritchie, 16 Fed. Cs. 1171, case No. 9312;Matter of Nicoll, 1 Johns. Ch. (N.Y.) 25; Matter of Dyer, 5 Paige Ch. (N.Y.) 534; Dibble v. Dibble, 8 Ind. 307; Smoot
v. Bell, 22 Fed. Cs. 708, case No. 13,132.
For the reasons above set forth the decree appealed from is affirmed.