Arthur D. Brennan, J.
In this proceeding brought pursuant to article 78 of the Civil Practice Act, the petitioners seek to review and annul a ‘ ‘ decision and resolution ’ ’ of the Planning Commission of the City of Bye wherein the said commission authorized the issuance of a special permit to the respondent. owner for the erection and maintenance (on the latter’s premises located on Milton Boad in said City of Bye) of certain docks with storage, repair and fueling facilities, a store for the *634 sale of soft drinks and marine supplies, together with other accessory improvements, all to be used for the docking, maintenance, storage and servicing of recreational small craft.
The respondents’ preliminary objection to the effect that the petitioners herein are not aggrieved parties and therefore lack capacity to maintain this proceeding, is overruled, for this court holds that at least one of the petitioners herein, William Gf. Cheney, is an aggrieved party in that he is an owner of property located opposite the subject premises for which the respondent owner seeks the aforesaid special permit.
It appears that the subject premises are located in a “ B-6 or General Business District”, as established by the existing zoning ordinance of the City of Rye. In addition to the main uses permitted in said district, the aforesaid zoning ordinance provides that when a special permit therefor has been issued, property located in such a district may be used for certain enumerated special uses which include, among others, “Boat Yards and Docks. Docks, wharves, and storage and repair facilities for the maintenance and servicing of recreational small craft.” In March of 1958, the respondent owner made application for a special permit to use the subject premises as a ‘1 marina for pleasure boats ’ ’; after the publication of notice of a public hearing to be held on said application, such hearing was held by the planning commission; and on May 27, 1958, the said commission found that certain basic conditions (required by the zoning ordinance in the case of any use which was permitted only by special permit) did prevail and it was then resolved that the said commission “ authorizes the issuance of a special permit * * * for the construction of bulkheads, piers, piling, fueling facilities, a marine supply store and accessory facilities * * * for the docking, maintaining and storing of recreational small craft ” subject to the fulfillment of 32 conditions and safeguards as enumerated in said resolution.
In support of their challenge, the petitioners contend: (1) that under the provisions of the General City Law, the Charter of the City of Rye and the applicable zoning ordinance, the planning commission could not be empowered to issue and had no authority or power to issue the subject permit; (2) that the nature of the improvements which the owner proposes to erect on its premises and the contemplated use of the same constitute a commercial marina and that the issue as to whether such a use is embraced within the special use of “Boat Yards and Docks ”, as defined by the said zoning ordinance, is a matter ' which may be passed upon and determined only by the Board *635 of Appeals of the City of Bye and not hy the planning commission; and (3) that the planning commission had no authority or power to determnie and fix the off-street parking requirements for the use contemplated under the subject special permit but that such requirements may only be determined and fixed by the afore-mentioned Board of Appeals.
This court is of the view that a consideration of the problem presented requires a study of the pertinent statutes and sections of the zoning ordinance creating and defining the powers, respectively, of the Planning Commission and the Board of Appeals of the City of Bye, together with a determination of the nature and effect of the “decision and resolution” complained of herein.
On the one hand, it appears that under article 16 of the Charter of the City of Bye (L. 1940, ch. 505) a planning commission was created for said city and by section 272 of said charter, there was granted to and imposed upon said commission all of the powers and duties specifically granted or imposed by article 3 of the General City Law as the same then existed and as the same might thereafter be amended. Section 273 of said charter provides that appeals from decisions of the planning commission may be taken as provided by said article 3 of the General City Law; however, in this court’s opinion, this latter right of an appeal and review relates and refers only to those determinations of the planning board which are final in character. It is important to note that among the powers and duties so conferred upoti. and granted to the said planning- commission are those duties referred to and described in section 30 (of art. 3) of the General City Law which provides, in substance, that a city council which creates a planning board (here called the planning commission) may provide for the reference of any matter or class of matters to such board before final action is taken thereon by the particular body (of the city) which has final authority on the matter so referred and also that the said council may provide that no final action shall be taken until the planning board has first submitted its report on said referred matter.
On the other hand, it appears that under article 17 of the said Charter of the City of Bye, a Board of Appeals was created for said city and by section 282 of said charter, there were granted to said board all of the powers conferred upon such board by article 5-A of the General City Law as then existing or as thereafter amended. Said section 282 also provides that any decision of the board of appeals may be reviewed as provided *636 by said article 5-A of the General City Law. In connection with the powers so conferred on said board of appeals, it is also important to observe that in and by section 81 (of art. 5-A) of the General City Law such board has the power, among others, to hear and decide all matters upon which it is required to pass under any zoning ordinance adopted by the common council pursuant to subdivisions 24 and 25 of section 20 of the General City Law.
Turning now to the existing Revised Building Zone Ordinance, adopted in May of 1956 by the Common Council of the City of Rye, the following pertinent powers and duties are therein conferred and imposed upon the Board of Appeals of that city:
(1) Under section 9-7.3 thereof, the Board of Appeals, after public notice and hearing, shall decide any question or dispute as to the meaning or intent of any word, phrase, provision, requirement or regulation contained in said ordinance;
(2) Under section 9-4.84 thereof, the Board of Appeals shall determine the number of off-street parking facilities which must be provided for and in connection with any use which is not specified within those uses which in said section are designated under classifications “ (a) ” to “ (n) ”, both inclusive (and in this connection it may be observed that uses consisting of a commercial marina and/or “ Boat Yards and Docks” are not among those enumerated under said classifications “ (a) ” to “ (n) ” both inclusive); and
(3) Under section 9-7.5 thereof, the Board of Appeals, after public notice and hearing and subject to appropriate conditions and safeguards may “grant a permit wherever it is provided in said ordinance that the approval of the Board of Appeals is required.” (Emphasis supplied.)
With respect to the Planning Commission of the City of Rye, there are no provisions contained in the aforesaid zoning ordinance which expressly empower said commission to grant a permit-, nor, in the case of the subject use, do said provisions require any site plan approval by said commission as “ a condition of issuance of a permit ”. The only functions and duties imposed by the zoning ordinance on the planning commission in the case of the subject use are those set forth and described in section 9-4.4 of said ordinance. This section, applicable to all uses permitted only by special permit, provides that after public notice and hearing and subject to approprate conditions and safeguards, the said commission “ may authorize the issuance of a permit, for a use * * * permitted only by special *637 permit ”, provided that in the judgment of the said commission, certain basic conditions (relating to appropriateness of the use to the location, effect on the existing or prospective conforming development, adequacy of site, adaptability and conformity of any converted structure to the proposed use and to the building-code requirements, adequacy of off-street parking and conformity with applicable building set backs) prevail.
In determining the meaning and intent of the last-mentioned section of the subject zoning ordinance and the effect of the planning commission’s action thereunder, it is necessary to bear in mind not only the other above-mentioned sections of said ordinance which define the duties and powers of the board of appeals but in addition, all of the afore-mentioned pertinent provisions of the zoning ordinance must be considered against the background of the respective sources of authority contained in the Charter of the City of Rye and the General City Law, as above referred to. Further, in this connection, it is also necessary to remember and apply those well-established rules of statutory construction which require that in the interpretation of statutes the spirit and purpose of the act and the objects intended, must be considered; that literal meanings of words are not permitted to defeat the purposes and objects of an act; that a statute is to be construed as a whole so that the various parts thereof may be harmonized; that all parts of an act must be read and construed together in order to determine and carry out the legislative intent; and that where two constructions or interpretations are possible, the court should adopt that which favors validity and order and avoids invalidity, disorder, injustice, mischief or other objectionable results. (People v. Ryan, 274 N. Y. 149; Kauffman & Sons Saddlery Co. v. Miller, 298 N. Y. 38; Schieffelin v. Goldsmith, 253 N. Y. 243, 249; Matter of Farrell v. Board of Health of City of Oswego, 243 App. Div. 332; Matter of Mollenhauer, 257 App. Div. 286; Union Free School Dist. No. 3 of Town of Rye v. Town of Rye, 256 App. Div. 456, affd. 280 N. Y. 469; Matter of Moshowits v. La Guardia, 183 Misc. 33, affd. 268 App. Div. 918, affd. 294 N. Y.830.)
In the light of the foregoing, this court is of the view that the phrase “ authorize the issuance of a permit”, as contained in section 9-4.4 of the existing Zoning Ordinance of the City of Rye, does not empower the planning commission of that municipality to grant a permit for a special use; nor has said commission, by its decision and resolution of May 27, 1958, granted such a permit. The Shorter Oxford English Dictionary includes among its definitions of the verb, authorize, the meaning: “ to *638 give formal approval to ”, “to sanction ”, “to countenance ”, of “ to empower ”. So, too, Webster’s New Collegiate Dictionary (2d ed.) defines said verb as: “to justify or ” “to furnish a ground for In the circumstances and enactments here present, this court holds that the intent and purpose of section 9-4.4 of the aforesaid zoning ordinance was and is to require that before each application for a permit for a special use is acted upon by the board of appeals, the application shall first be referred to the planning commission to the end that said commission shall consider the same and report to the board of appeals as to whether, in its opinion, the aforesaid basic conditions prevail and as to what conditions and safeguards the commission deems appropriate and recommends for imposition on the requested permit, in the event that the board of appeals decides to grant the same. Further, this court holds that the subject decision and resolution of the planning board constitutes only a report which is not binding on but is advisory to the said board of appeals. The respondent owner’s application for a special permit must now be passed upon by the board of appeals which is the sole body empowered to take final action thereon. It still remains for that board to consider and determine, among other things, whether the improvements sought to be erected and the contemplated use of the premises, as so improved, constitute one of the enumerated special uses which may be allowed in a B-6 district; and in case the board should determine this issue in favor of the applicant, whether to adopt and approve the planning commission’s report that the basic conditions referred to in section 9-4.4 do prevail and whether the conditions and safeguards as well as the off-street parking requirements recommended and reported by the planning commission should be adopted or should be modified by decreasing or increasing either of the same.
Since, as above stated, this court holds that the subject decision and resolution of the planning board constitutes only an advisory report to the board of appeals, it is concluded that said “decision and resolution” does not finally conclude the rights of the parties with respect to the matter to be reviewed, with the result that the instant application may not be maintained under article 78 of the Civil Practice Act. (See Civ. Prac. Act, § 1285.)
Accordingly, the petition is dismissed, but without costs.
Settle order on notice.