ROSE GUSTETTER *v.* CITY & COUNTY OF HONO-
LULU MOTOR VEHICLE DEALERS' AND SALES-
MEN'S LICENSING BOARD, LEILANI MOTORS,
LTD., HENRY T. LEE, CHARLES E. SHREWS-
BURY, HERMAN T. CHOY, HARRY S. OGAWA,
JOHN YOUNG, WILLIAM L. FLEMING, BRUCE
HOWELL, YOUNG FUN CHOY, TONY CARREIRA,
UNIVERVAL MOTORS CO., LTD., AND PAUL I.
FAGAN, JR.

No. 4111.

AUGUST 18, 1960.

TSUKIYAMA, C. J., MARUMOTO, CASSIDY, WIRTZ
AND LEWIS, JJ.

OPINION OF THE COURT BY LEWIS, J.

The circuit court dismissed an appeal taken by Rose
Gustetter under H.R.C.P., Rule 72 and R.L.H. 1945,
§ 7375, now R.L.H. 1955, § 160-175. The question is

whether the circuit court had jurisdiction of the appeal.

In 1956 Rose Gustetter filed a complaint with the City and County of Honolulu Motor Vehicle Dealers' and Salesmen's Licensing Board, hereinafter called the "board," seeking revocation of certain licenses issued by the board under the Automobile Dealers' and Salesmen's Licensing Act, now part V of chapter 160, R.L.H. 1955, previously chapter 139, R.L.H. 1945, originally enacted by S.L.H. 1939, c. 258, hereinafter called the "Act." Only the license of Leilani Motors, Ltd. was revoked. The ground was insolvency, not fraud as charged. On November 27, 1956, the complainant appealed to the circuit court "from the Decision and Order [of the board] entered in the action on November 20, 1956, denying administrative relief * * *." The above cited section, under which the appeal was taken, is a part of the Act.

Rose Gustetter hereinafter is referred to as "appellant." Her appeal to this court is from the order of dismissal entered by the circuit court on November 19, 1958.

The board is a "governmental body" within the meaning of H.R.C.P., Rule 72, but a "right of redetermination or review in a circuit court" of an order maintaining a license in effect is not "allowed by statute," hence the circuit court did not have jurisdiction of the appeal and the order of dismissal must be affirmed.

R.L.H. 1945, § 7375, as amended by S.L.H. 1951, c. 90, is quoted here:

*"Records; appeals to circuit court.* The board shall keep a record of its proceedings and shall have authority upon application of an interested party or upon its own motion and notice to the interested parties to reverse, vacate or modify its own orders. The circuit court of the circuit in which an application for a license has been refused, or in which a license has been revoked or suspended, shall have jurisdiction to affirm,

vacate or modify any order of the board, on appeal therefrom filed in such circuit court within thirty days from the date of such order. No such appeal shall operate to stay such order; *provided,* however, that the circuit court having jurisdiction of the appeal may upon a showing of undue hardship upon the applicant, if the order of the board were not stayed pending determination of the appeal, and that the appeal is being prosecuted in good faith and on a meritorious ground stay the operation of the order of the board by an appropriate judicial order."

Before the 1951 amendments the section stood as originally enacted in 1939, reading:

*"Records; appeals to circuit court.* The board shall keep a record of its proceedings and shall have authority upon application of an interested party or upon its own motion and notice to the interested parties to reverse, vacate or modify its own orders. The circuit court of the circuit in which an application for a license has been refused, or in which a license has been revoked or suspended, shall have jurisdiction to affirm, vacate or modify any order of said board.

"Any applicant whose application has been refused, or any licensee whose license has been suspended or revoked by an order of the board, may file an appeal therefrom in the office of the clerk of the circuit court of such circuit within thirty days from the entry thereof. The proceedings shall not, however, operate to suspend such order unless upon proper order of a court of competent jurisdiction. Such action may be upon the ground that such order is unreasonable or contrary to law and shall be prosecuted against the treasurer and the motor vehicle dealers' and salesmen's licensing board. The defendants shall be served with summons as in civil actions.

"Upon service of summons upon the board, the secretary shall forthwith transmit to the clerk of the court in which the action is pending a transcript of the original papers filed with him, if any, and a certified transcript of all evidence adduced at the hearing before the board in the matter complained of. Such transcript shall be filed with the clerk of the court within fifteen days after service of summons. Upon the filing of the transcript said action shall be at issue and upon the application of either party may be advanced and assigned for trial at the earliest possible date."

Under the Act a board is appointed for each county. However, licenses under the Act originally were issued by the treasurers of the respective counties (R.L.H. 1945, § 7371), and an appeal to the board was allowed "from any order of the treasurer refusing to issue any license." (R.L.H. 1945, § 7373, also §§ 7368 and 7370). All proceedings for suspension or revocation of licenses originated in the board (R.L.H. 1945, § 7373). Amendments of the first cited section were made prior to 1951 but did not affect this basic pattern. S.L.H. 1951, c. 90, amended the Act throughout and among the changes made was the lodging in the board of original authority over the issuance of licenses, the power previously possessed by the treasurer being transferred to and vested in the board. This change was made in R.L.H. 1945, § 7371, and certain other sections where the treasurer had been mentioned. Corresponding changes were made in R.L.H. 1945, §§ 7368, 7370, 7373, relating to appeals from the treasurer.

In R.L.H. 1945, § 7375, relating to appeals to the circuit court, the first sentence remained the same, but the 1951 act deleted the second and third paragraphs and in substitution therefor made an addition to the second sentence, which previously had ended with the words: "shall have

jurisdiction to affirm, vacate or modify any order of said board," as well as expanding the first paragraph by the addition of other matter.

Whether the substitute provisions, which were shorter and less detailed, changed the nature of the appeal to the circuit court is not before us. The material point is that the words "any order of the board" have the same meaning they had before, except that the appealable orders now are all of them original orders of the board whereas previously in the case of a refusal of a license the order would have been made by the treasurer and sustained by the board.

Previously the statement that only the applicant or licensee had a right of appeal served the purpose of excluding the treasurer from the right of appeal if his order refusing a license was reversed by the board. When the treasurer went out of the picture it evidently was felt unnecessary to enumerate the persons having a right of appeal. The deletion of this provision did not enlarge the appealable orders, which remained, as before, any order refusing an application for a license, now made in the first instance by the board, and any order suspending or revoking a license. Otherwise the words "in which an application for a license has been refused, or in which a license has been revoked or suspended" would be meaningless.

In her jurisdictional statement appellant cites, as supporting the jurisdiction of the circuit court in addition to the cited section of the Act, certain provisions of chapters 215 and 335, R.L.H. 1955, also H.R.C.P., Rule 82, which provides that these rules "shall not be construed to extend or limit the jurisdiction of the circuit courts * * *." These sections merely serve to make it plain that the circuit courts are courts of general jurisdiction in actions and proceedings founded upon the issuance of summons, writs and other processes.

The filing of a notice of appeal confers no jurisdiction on the circuit court unless such appeal is provided for by statute. H.R.C.P., Rule 72(a); see also *Re Sprinkle & Chow Liquor License*, 40 Haw. 485; *Re Appeal of Clerk, Registration of Buda*, 44 Haw. 220. Statutory construction is all that is involved. Appellant's contention that she has a "right to judicial review of administrative findings made on questions of law" does not merit consideration. It is decisive that there is no right to judicial review in the present proceeding.

Appellant also sought of the board its permission for her to sue on the bonds of Leilani Motors, Ltd., and Universal Motor Co., Ltd., dealers, which consent was refused on November 20, 1956. Judicial review of this refusal was sought by the same appeal to the circuit court as was taken with respect to the action concerning the licenses.

The bonds, which generally speaking were conditioned for compliance with the Act, were required of dealers by R.L.H. 1945, § 7368.01, added by S.L.H. 1949, c. 171, now R.L.H. 1955, § 160-168, and by the same section it was provided that the treasurer "or, by his written consent, any person who has been or claims to have been injured by the breach of said conditions [the conditions of the bond] shall have a right of action to recover on any such bond * * *." No appeal was provided for in the event the treasurer refused his consent. Likewise no appeal was provided for in 1951 when the board was given the right to sue on the bond and was also substituted for the treasurer as the body whose consent was required (S.L.H. 1951, c. 90, above cited). Accordingly, the circuit court lacked jurisdiction of this matter also.

Appellant further sought a recommendation by the board that criminal action be taken. The board did not find grounds of criminal action and declined to so recommend. While R.L.H. 1945, § 7376 provided, and R.L.H.

1955, § 160-176 still provides, for the assistance of the public prosecutor to the board upon its request, we deem it beyond argument that the decision not to make such request is not an appealable order.

Appellant contends that it was error to dismiss the appeal when the court, with another judge presiding, previously had decided that the appeal lay under R.L.H. 1945, § 7375, as amended by S.L.H. 1951, c. 90. However, it is well settled that:

"The question of jurisdiction * * * is always open and can be raised at any time."

*Brown* v. *Koloa Sugar Co.,* 12 Haw. 409, 412. To the same effect is H.R.C.P., Rule 12 (h) (2).

If the circuit court had not corrected the error of law in the earlier decision that the appeal lay, this court would have been obliged to do so, this being an error in jurisdiction. *Meyer* v. *Territory,* 36 Haw. 75. The circuit court could correct the error itself (*In re Guardianship of Ryan,* 31 Haw. 547), particularly since any action affirming, vacating or modifying the action of the board would have been void.

Appellant's briefs in this court indicate more appellees than the board alone by the designation "et al." We have included in the title of the case all of the persons listed as appellees in the circuit court. However, some of these persons have moved this court to dismiss the appeal on the ground they were not served with the notice of appeal or other papers. We deem this motion mooted by our decision that no appeal lay to the circuit court.

Order of dismissal affirmed.

*Ralph E. Corey* (*Clark & Corey*) for appellant.

*Ben F. Kaito,* Deputy Corporation Counsel, City and County of Honolulu (*Norman K. Chung,* Corporation Counsel) for appellee.