IN THE MATTER OF THE APPEAL OF AIR TERMINAL SERVICES, INC. FROM DECISION OF HAWAII AERONAUTICS COMMISSION.

No. 4231.

MAY 27, 1964.

TSUKIYAMA, C.J., CASSIDY, WIRTZ, LEWIS AND MIZUHA, JJ.

*Per Curiam.* This is an appeal from an order of the Circuit Court dismissing an appeal taken to that court from "Hawaii Aeronautics Commission Resolution No. 60-07 awarding contract for food and beverage concession at the Honolulu International Airport terminal facilities to Interstate Hosts, Inc." Appellant, Air Terminal Services, Inc., was an unsuccessful bidder for the contract. In a companion case filed after the dismissal order, No. 4287

this day decided, appellant sought relief by writ of mandamus.

The question here is whether there is a statutory right of appeal to the Circuit Court. *City and County* v. *Honolulu Rapid Transit & Land Co.*, 25 Haw. 332, 335; *Gustetter* v. *City and County of Honolulu Motor Vehicle Dealers' & Salesmen's Licensing Bd.*, 44 Haw. 484, 489, 354 P.2d 956, 959; H.R.C.P., Rule 72. Appellant claims such right under R.L.H. 1955, § 15-19(c), reading in pertinent part as follows:

"(c) Any person aggrieved by an order of the commission or by the grant, denial or revocation of any approval, license or certificate, or refusal of a renewal thereof, may file an appeal therefrom in the office of the clerk of the circuit court of the circuit in which such person resides or does business * * *."

On July 1, 1961, after the appeal to this court from the dismissal order, the Hawaii Aeronautics Commission was abolished and its functions transferred to the Department of Transportation. Act 1, 2d Sp. S.L. 1959, § 26; R.L.H. 1955, 1963 Supp. § 14A-25. This did not impair the right of appeal if any existed. Act 1, 2d Sp. S.L. 1959, § 36; R.L.H. 1955, 1963 Supp. § 14A-32. However, there has been no compliance with Rule 6(g) of this court, relating to the substitution of parties. Moreover, in the Circuit Court only the Hawaii Aeronautics Commission was served, though the complaint is that the resolution appealed from awarded the contract to Interstate Hosts, Inc., and H.R.C.P., Rule 72(c) requires service upon "each appellee," while Rule 72(a) defines "appellee" to include not only the governmental body whose action is appealed from but also "every other party to the proceedings." We need not pursue these matters as we agree with the court below that there is no statutory basis for the appeal.

Appellant contends that "contracts, leases, licenses and other arrangements with any persons, * * * conferring the privilege of supplying goods, commodities, things, services or facilities at such airport * * *" under R.L.H. 1955, § 15-12 (a) (2), are within the purview of R.L.H. 1955, § 15-19 (c). We are of the opinion that the word "license" in section 15-19 (c) refers to a license for an airport pursuant to R.L.H. 1955, § 15-22 (b) and perhaps to other regulatory measures. It does not refer to a license conferring the privilege of supplying goods, services or the like under R.L.H. 1955, § 15-12 (a) (2).

Whether the concession here involved was a "license" or a "contract," "lease," or "other arrangement" need not be decided. The significant point is that the legislature would have used all these terms had it intended to cover any of the subject matter of section 15-12 (a) (2) in the appeal provisions of section 15-19 (c). It also is significant that section 15-15 provides in pertinent part: "All contracts made by the commission shall be made pursuant to the laws of the [State] governing the making of like contracts * * *." Appellant does not contest the applicability of the general laws to the letting of the contract in question, or claim that the special procedure set out in subsection (a) of section 15-19 is or was applicable thereto. However, subsection (a) uses much the same terminology as subsection (c), providing for notice and hearing upon "any denial or revocation of an approval, certificate or license, or refusal of a renewal thereof."

Emphasis is placed by appellant on the word "grant" in subsection (c) of section 15-19. Appellant notes that this word does not appear in subsection (a), then argues that section 15-19 (c) has a broader scope than subsection (a). This argument is not convincing, in view of the considerations above set forth. The mere circumstance that

the word "grant" is employed in subsection (c) and omitted from subsection (a) does not call for the conclusion that the two subsections use the words "approval, certificate or license" in relation to different subject matters. Our interpretation does not render meaningless the word "grant" in subsection (c). For example, an appeal might be taken by one who under R.L.H. 1955, § 15-22, was granted an approval, a certificate thereof, or a license upon conditions which he deemed not "reasonable."

Appellant further contends that the resolution from which it has sought to appeal is an "order" within the meaning of section 15-19(c). We are urged to give significance to the absence of words qualifying the word "order" in subsection (c) in contrast with subsection (a) which speaks of orders "requiring performance of or desistance from certain acts or compliance with certain requirements * * *." The argument presupposes that every official action of the airport authority is an "order." This of course is not the case as appears from R.L.H. 1955, § 15-18. *Cf., Shannahan v. United States,* 303 U.S. 596.

No argument has been made that the resolution appealed from constituted the denial of a license. In any event, the views already expressed as to the meaning of the word "license" as used in section 15-19(c) dispose of that possibility.

Affirmed.

*J. Russell Cades (Edward Y. C. Chun* on the brief, *Fong, Miho, Choy & Robinson* and *Smith, Wild, Beebe & Cades* of counsel) for appellant.

*Willson C. Moore, Jr.,* Special Deputy Attorney General, filed a brief for Hawaii Aeronautics Commission and argued the case.