Morton B. Silberman, J.
This is an article 78 proceeding to annul a determination by the Planning Board of the Town of Eastehester granting Lord & Taylor’s application for site plan approval for an extension of its present store building and for 1 ‘ general improvements to the present parking and circulation affecting premises known as Section 64, Block 1, Lot 7A.”
On December 17, 1969, the Planning Board, after a public hearing, granted Lord & Taylor’s application for site plan approval to enlarge its retail store. Petitioners, claiming to be the owners of nearby property and, therefore, aggrieved by the approval of the site plan, bring this article 78 proceeding *816 to annul the Planning Board’s determination. Although the site plan was approved in December, 1969, the Building Inspector has neither issued nor refused to issue a building permit to Lord & Taylor. In fact, it appears from respondents’ answer that Lord & Taylor has not as yet even applied to the Building Inspector for a building permit.
It is fundamental that a proceeding under article 78 may not be maintained to challenge a determination ‘ ‘ which is not final ’ ’ (CPLR 7801, subd. 1), and that the court has discretion, in any event, to deny review under article 78 where another adequate remedy exists (see 1 N. Y. Jur., Administrative Law, § 169, and authorities there cited).
Although the Zoning Ordinance of the Town of Eastchester requires submission of site plans to the Planning Board for approval prior to the issuance of building permits (see Zoning Ordinance, §§ 3, 4 and “ Schedule Controlling Land & Buildings ”), it does not confer upon the Planning Board the power to issue building permits. Such authority is vested in the Building Inspector alone (see Town Law, § 138; cf. Town Law, § 283). A town may appoint a planning board (Town Law, § 271), and may refer to it matters such as site plan approvals “ before the final action thereon by the body or officer of said town having final authority thereon with or without the provision that final action thereon shall not be taken until said planning board has submitted its report thereon (emphasis added) ” (Town Law, § 274). Section 274 provides further that nothing contained therein “ shall be construed as limiting final action or the authority now possessed by law of any body or officer of the said town.” (Emphasis added.)
It would thus appear that the determination herein by the Planning Board is not a ‘1 final ’ ’ determination within the meaning of article 78, but is advisory only. Said determination is, therefore, not reviewable under article 78 (see Matter of Thurman v. Snowden, 28 A D 2d 705; cf. Matter of Milton Point Assn. v. Clark, 14 Misc 2d 633; 2 Rathkopf, Law of Zoning and Planning, p. 54-10). This conclusion is fortified by the fact that, although decisions of a planning board with respect to approval of plats are nonfinal in the same sense as those with respect to site plans, the Legislature has expressly authorized review under article 78 of the former (Town Law, § 282). Had the Legislature intended to make site plan approvals subject to such review as well, they could have expressly so provided.
Additionally, even if the court were to agree with petitioners’ contention that the Planning Board’s determination herein was final for the purposes of article 78 review, the proceeding would *817 nevertheless properly be dismissed in the exercise of discretion, since petitioners would have an adequate administrative remedy. If and when a building permit is issued, and if petitioners are ‘ ‘ aggrieved ’ ’ thereby, petitioners would have the right to an appeal to the Zoning Board of Appeals (Zoning Ordinance of the Town of Eastchester, § 9; Town Law, § 267).
The proceeding is dismissed, without costs.