Emmett J. Schnepp, J.
This is a motion to dismiss an article 78 proceeding, which was instituted to annul respondents’ determination of September 27,1972, which listed various conditions to which approval of petitioner’s site plan for a motor vehicle supply station was made subject. Petitioner objects to the condition which denies access to the site from State Highway Route No. 96, ahd claims that another condition is ambiguous and cannot be complied with. The Town Board of Victor had previously granted permission to petitioner to erect the station, after it had appealed from a denial of the application by the Town Zoning Board of Appeals. The zoning ordinance requires, however, that prior to the issuance of a building permit* the building officials shall refer the site plan to the Planning Board “ for its review and approval ”.
Respondents contend that their determination was not a “ final determination ” within the meaning of article 78, but advisory only and that if the petitioner seeks and is denied a building permit by the Victor Building Inspector an appeal can be taken to the Zoning Board of Appeals.
Application should have been made by petitioner for a building permit, the site plan filed and then referred by the building official to the Planning Board. (Victor Zoning Ordinance, §§ 59-15.1, 59-21.) It does not appear that petitioner has applied for the required building permit.
In granting the Planning Board the power to “ review and approve ”, the Town Board exceeded the powers granted to it. Any action by the Planning Board can be advisory only and the respondents admit this limitation. (Matter of Thurman v. Snowden, 28 A D 2d 705; cf. Nemeroff Realty Corp. v. Kerr, 38 A D 2d 437.) The zoning inspector may consider, but is not bound by, the decision of the Planning Board in arriving at a determination as to whether or not he should issue a building perjnit. His adverse determination may be challenged by an appeal to the Zoning Board. (Town Law, § 267, subd. 2.) The Victor Zoning Ordinance further authorizes an appeal by *507 an aggrieved person from a determination of the Zoning Board to the Town Board, which it may determine upon the evidence produced before the Zoning Board or upon new or additional evidence. An article 78 proceeding would then be available to review an adverse determination.
This court cannot be substituted for the town authorities in passing on site plans. Petitioner must exhaust all administrative procedures before instituting a court review proceeding. (Matter of Anderson v. Lockhardt, 62 Misc 2d 815; Radano v. Town of Huntington, 281 App. Div. 682, affd. 305 N. Y. 911.) Petitioner contends its remedy before the Zoning Board of Appeals, in view of its prior adverse ruling on this application, would be cumbersome, repetitive and perhaps futile. Nevertheless, it must still take the required administrative steps before seeking relief from the court (1 N. T. Jur., Administrative Law, § 169) since it cannot be anticipated that an official body will not act in good faith. The proceeding is dismissed without costs.