533 P.2d 867 (1975)
MELEMANU WOODLANDS COMMUNITY ASSOCIATION, INC., Plaintiff-Appellant,
v.
George KOGA, Individually and in his capacity as Chairman of the City Council of the City and County of Honolulu, et al., Defendants-Appellees.
No. 5459.
Supreme Court of Hawaii.
April 9, 1975.
*868 David W. Hall, Honolulu (Hart, Sherwood, Leavitt & Blanchfield & Hall, Honolulu, of counsel), for plaintiff-appellant.
Robert M. Rothwell, Deputy Corp. Counsel, Honolulu (Richard K. Sharpless, Corp. Counsel, City and County of Honolulu, Honolulu, of counsel), for defendants-appellees.
Before RICHARDSON, C. J., KOBAYASHI, OGATA and MENOR, JJ., and FONG, Circuit Judge, assigned by reason of vacancy.
OGATA, Justice.
This is an appeal by plaintiff, a nonprofit corporation, from a judgment of the court below in favor of defendants and against the plaintiff. For the reasons hereinafter set forth, we vacate the judgment and dismiss the complaint.
On October 4, 1972, the planning commission of the city and county of Honolulu (hereinafter commission) held a public hearing on the application of Headrick Development, Inc., (hereinafter HDI) for Melemanu Woodlands, Unit II, planned development housing situate in Waipio, Oahu.[1] Just before the public hearing was opened, but after the report of the planning director had been presented to the commission which report recommended the approval of the development plan, subject to certain modifications and conditions as set forth in the planning director's report, the chairman of the commission openly announced to the audience that the commission will receive testimony on Unit II, but that it will not receive any testimony on the merits or faults of Unit I. The chairman further stated that "the primary reason for this [such exclusion] being there are aspects of the first unit which are under litigation. Therefore, upon the advice of the corporation counsel, these would be ruled out of order at this meeting."
The president of plaintiff association, who was the first person to speak at the public hearing, then informed the chairman of the commission that Unit II, the proposed development under consideration, was also involved in litigation. In response to such information, the chairman was advised by the deputy corporation counsel that Unit II was not a part of the litigation. The deputy corporation counsel further assured that he will investigate as to whether Unit II is also involved in legal proceedings and report to the chairman later during the hearing. After the fourth speaker had completed her presentation, *869 the chairman of the commission declared that the deputy corporation counsel in charge of the litigation concerning Unit I was not available to advise him whether or not Unit II is subject to litigation. The chairman of the commission also remarked that he was sure that no restraining order had been issued to halt the public hearing and that therefore "we will continue to receive testimony regarding the second unit application." He then concluded this statement by reiterating his earlier proscription that because Unit I "is under litigation, the chair will not receive testimony on the merits or problems of that particular development." The public hearing was conducted along this guideline.
Thereafter on October 6, 1972, the planning department of the city and county of Honolulu transmitted to HDI a letter which propounded numerous inquiries which arose during the public hearing. Two of these questions related to whether or not Unit II is a part of the pending litigation mentioned during the public hearing and whether or not HDI would be able to legally dedicate Waikalani Drive, the access road, after it has been improved to the city and county of Honolulu. These questions were then referred by HDI to its attorneys who responded by letter dated October 13, 1972, addressed to HDI. On October 16, 1972, HDI wrote to the planning department in answer to its letter of October 6, 1972. Copies of these communications were submitted by the planning department to the commission for its consideration prior to November 1, 1972. No similar inquiries were submitted to the plaintiff for response and the corporation counsel was not consulted on any of these subjects.
On November 1, 1972, the commission recommended its approval of this development with certain modifications or restrictions. This recommendation was thereafter submitted to the mayor for transmission to the city council of the city and county of Honolulu for its consideration and action as it deemed proper.[2]
On November 30, 1972, before the city council was able to consider and act upon the application based upon the recommendation of the commission, the plaintiff association instituted this action to enjoin defendants, George Koga and George Akahane,[3] individually and in their respective capacities as chairman of the city council and as chairman of the planning committee of the city council, from considering and acting on the application of HDI for Melemanu Woodlands, Unit II, planned development housing. Plaintiff association sought to have such action enjoined until the commission shall adopt rules and regulations consistent with HRS § 91-2 concerning the conduct of public hearings which it is required by law to hold as well as the procedures that will govern such commission after the public hearings, and also until another public hearing can be held on this project before the commission at which members of plaintiff and others can be afforded a reasonable opportunity to be heard concerning the applicant's past performance on Unit I which is relevant to Unit II. It is plaintiff's contention in regard to the last mentioned prayer for relief that the chairman of the commission had denied to members of plaintiff association during the public hearing of October 4, 1972, their statutory right to a reasonable opportunity to be heard as provided in subparagraph *870 2 of section 5-515 of the charter of the city and county of Honolulu.[4]
On January 15, 1973, after HDI was allowed to intervene as a party defendant,[5] the court below proceeded to consider the motions to dismiss filed by defendants and HDI, each of which was denied. Thereafter, the court tried this cause without a jury and rendered judgment in favor of the defendants and against the plaintiff.
We agree with the court below that the instant action is premature[6] since it is only concerned with the validity of an advisory action on the part of the commission which recommended to the city council the approval of an application for a planned development housing project. Such advisory determinations or actions by administrative agencies are not final orders which may be appealed to the circuit court for judicial review. Cf. Traders Development Corp. v. Zoning Board of Appeals of Peoria County, 20 Ill. App.2d 383, 156 N.E.2d 274 (1959); Milton Point Association v. Clark, 14 Misc.2d 633, 179 N.Y.S.2d 624 (1958). Moreover, we have already held that an appeal to the circuit court may be taken from an order of an administrative board only to the extent specifically authorized by statute. In re Charley's Tour & Transp. Inc., 55 Haw. 463, 522 P.2d 1272 (1974); Mahelona Hosp. v. Kauai Civ. Ser. Com., 46 Haw. 260, 377 P.2d 703 (1962); Gustetter v. City and County Etc., 44 Haw. 484, 354 P.2d 956 (1960). Of course, we appreciate that this is an injunctive action rather than one based upon statute.
It is admitted by plaintiff that the city council is free to either grant the application with or without modification or to deny the same.[7] We think further that based upon the published intent of the city council to hold a public hearing on the proposed development project before the council will grant the application with or without modification or deny such application, that there is still an adequate remedy available to plaintiff. We do not know how the city council will treat and dispose this application. Members of the plaintiff association as well as others interested in the application may be permitted to present any relevant data to the council during such public hearing. The presentations of the members of plaintiff association to the council at the public hearing may be so persuasive that the council may deny approval of the application. If this should occur, all issues urged by plaintiff in this action would become moot. Beard v. Stahr, 370 U.S. 41, 82 S.Ct. 1105, 8 L.Ed.2d 321 (1962).
If the council should grant the application, against all protestation by members of plaintiff association, and the land involved in the application is redesignated by ordinance as a planned development district, *871 it will be time enough for the plaintiff association to institute judicial proceedings to review the validity of the ordinance because of the alleged due process infirmities of its underpinnings, including defects in the planning commission's proceedings. Dalton v. City and County of Honolulu, 51 Haw. 400, 462 P.2d 199 (1969).
Judgment vacated and complaint dismissed.
RICHARDSON, C.J., and KOBAYASHI, MENOR and FONG, JJ., concur.
NOTES
[1] The site for this proposed planned development housing is located in Waikakalaua Gulch, Waipio, Oahu, one mile northwest of Kamehameha Highway. HDI is the owner-developer of another planned development housing designated as Melemanu Woodlands, Unit I, which is located next to the same highway on its north side. There are 43 one acre lots situated between Unit I and the proposed Unit II, and homes have been built on 18 of these lots. Eleven of these homes are owned and occupied by members of plaintiff association.
[2] The creation of a planned development housing is authorized under article 10 of ordinance No. 3234 of the city and county of Honolulu. Section 21-104(c) thereof provides: "Within 30 days after receiving the Director's report, the Planning Commission shall hold a public hearing on the application, notice of which shall be published at least 10 days prior to such hearing. Within 30 days after such hearing the Commission shall submit its recommendations to the Mayor for transmittal to the City Council. The Commission may recommend approval in whole or in part, with or without modifications, or recommend disapproval."
[3] In addition to these two members of the city council, Rev. Eugene B. Connell and Robert R. Way, individually and in their respective capacities as chairman of the commission and as planning director of the city and county of Honolulu, and the city and county of Honolulu, a municipal corporation, were named as defendants.
[4] The then applicable provisions of subparagraph 2 of section 5-515 of the charter of the city and county of Honolulu read as follows:

"2. Prior to recommending the adoption of the general plan and any development plan or any subdivision or zoning ordinance or any amendments thereto, and prior to the adoption of subdivision regulations or any amendments thereto, the planning commission shall hold a public hearing thereon at which interested persons shall be afforded a reasonable opportunity to be heard. Notice of the time and place of the hearing shall be published at least ten days prior to such hearing in a daily newspaper of general circulation in the city."
[5] In this appeal HDI was also an appellee and a cross-appellant. After the argument before us, HDI withdrew by stipulation of all of the parties which stipulation was approved by this Court.
[6] The following conclusion of law appears in the trial court's findings of fact and conclusions of law:

"5. Until the City Council shall refuse to allow members of the Plaintiff to be heard on matters relevant to Headrick's application, this action is premature."
[7] Section 21-104(d) of ordinance No. 3234 of the city and county of Honolulu provides: "The City Council shall either grant the application, with or without modification, or deny such application. If the application is granted, the area of land involved shall be redesignated as a planned development district by ordinance and such ordinance shall incorporate the Plan, including any condition or restriction that may be imposed by the Council."